SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Mary Capps

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Capps individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Law Offices of Peter W. Singer and MCT Group, Inc.<br><br>Defendants. | **Case No:** '15CV2410 BAS NLS<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Mary Capps, (Plaintiff), through her attorneys, brings this action to challenge the actions of Law Offices of Peter W. Singer ("Singer") and MCT Group, Inc. ("MCT"), (jointly, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Plaintiff resides in the City of Oceanside, which is located in the County of San Diego, California.

12. MCT is a business whose principal place of business is located in the City of Redondo Beach, in the State of California.

13. MCT regularly operates within the County of San Diego by sending letters, making calls, and filing hundreds of lawsuits a year, including one against Plaintiff, in the San Diego Superior Court in efforts to collect alleged debt from consumers.

14. Because MCT regularly does business and has the capacity to sue within the County of San Diego, California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2).

15. Jurisdiction of this Court arises under 28 U.S.C. § 1367 for supplemental state claims.

16. Singer is a law firm whose principal place of business is in San Diego, California according to the State Bar of California.

17. Singer regularly operates within the county of San Diego and was retained by MCT to a collect an alleged debt from Plaintiff in San Diego County.
18. Singer sent a collection letter to Plaintiff, among other actions, to collect this alleged debt. The collection letter from Singer to collect on a debt for MCT is the action that gives rise to Plaintiff's claim.
19. Because both Defendants do business within the county of San Diego in the State of California and the action giving rise to the claim took place in the County of San Diego, California, personal jurisdiction is established.
20. Venue is proper pursuant to 28 U.S.C. § 1391b(1) and § 1391b(2). At all times relevant, Defendants conducted business within the the County of San Diego, State of California. Further, Singer resides in San Diego County and the violations of law alleged here took place in San Diego County.

## PARTIES

21. Plaintiff is a natural person who resides in the City of Oceanside, State of California.
22. Defendant MCT is located in the City of Redondo Beach, in the State of California.
23. Defendant Singer is located in the City of San Diego, in the State of California.
24. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).
25. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).
26. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

27. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

28. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

29. Sometime before December 18, 2014, Plaintiff is alleged to have incurred certain financial obligations with Mission Federal Credit Union.

30. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

31. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

32. Sometime thereafter, but before December 18, 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Because the validity of the alleged debt is of no consequence to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

33. Subsequently, but before December 18, 2014, the alleged debt was assigned, placed, or otherwise transferred to MCT who then retained Singer to collect on the alleged debt.

34. On or about December 18, 2014, MCT instructed Singer to mail a dunning letter to Plaintiff, and Singer complied. A few days later, Plaintiff received that letter.

35. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37. Defendants' December 18, 2014 letter to Plaintiff stated, in part, as follows:

> My office represents the above client who is seeking to collect from you the balance due as specified above.
>
> If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment. If you do neither or these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over. I urge you to contact my client directly at 800-622-2242.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you. This office will mail you a copy of such verification or judgment. If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the

original creditor, if different from the current creditor.

38. This initial communication to Plaintiff by Defendants included a written notice, the language of which overshadowed, weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating, "If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment."

39. Pursuant to 15 U.S.C. § 1692g, Plaintiff has thirty (30) days to respond to a collector's notice with a dispute, and not limited seven days communicated by Singer. By providing conflicting timelines, Singer and MCT overshadowed and weakened the rights contained in the FDCPA under 15 U.S.C. § 1692g.

40. Further, this language caused the notices required by the FDCPA and California's Rosenthal Act to be ineffective in their conveyance to consumers.

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on her own behalf, and on behalf of all others similarly situated.

43. This action defines "the class" as follows:

      Plaintiff defines "the Class" as (i) all persons with addresses within the state of California; (ii) who were sent, within one year prior to the filing date of this action; (iii) an "initial communication" as defined by 15 U.S.C. § 1692g(a) which was substantially similar to Plaintiff's Exhibit 1 (the December 18, 2014 letter sent to Plaintiff); (iv) to recover a consumer debt; (v) in which this communication included the language "If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment," or language substantially similar; (vi) which were not returned undelivered by the United States Postal Service.

44. For purposes of this Claim for Relief the class period is one year prior to the filing of this Complaint.

45. The Class is composed of hundreds of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    A)     Whether Defendants violated the FDCPA;

    B)     Whether Defendants violated the Rosenthal Act;

    C)     Whether members of the Class are entitled to the remedies under the FDCPA;

    D)     Whether members of the Class are entitled to the remedies California's Rosenthal Act;

    E)     Whether members of the Class are entitled to declaratory relief;

    F)     Whether members of the Class are entitled to injunctive relief;

    G)     Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

     H)    Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the California's Rosenthal Act ; and

     I)    Whether the Class are entitled to any other remedies.

47. Plaintiff will fairly and adequately protect the interests of the Class.

48. Plaintiff has retained counsel experienced in handling class claims as well as claims involving unlawful collection practices.

49. Plaintiff's claims are typical of the claims of the Class, which arises from the same operative facts involving unlawful collection practices.

50. A class action is a superior method for the fair and efficient adjudication of this controversy.

51. Class-wide damages are essential to induce Defendants to comply with Federal and State Law.

52. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00, and an additional $1,000.00 under the Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

53. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

54. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

60. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally, and Plaintiff be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for Plaintiff and each member of the Class;

- • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff and each member of the Class.

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: October 26, 2015                              **SEMNAR & HARTMAN, LLP**

                                                    By: s/Jared M. Hartman
                                                        Jared M. Hartman
                                                        Attorneys for Plaintiff