1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY CAPPS, individually and on behalf of others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>LAW OFFICES OF PETER W. SINGER, *et al.*,<br><br>                              Defendants. | Case No. 15-cv-2410-BAS(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT**<br><br>**[ECF No. 3]** |

Pending before the Court is Plaintiff's filing titled "Notice of Extension of Time for Defendants to Respond to the Complaint on or before December 3, 2015." The body of the filing conflicts with the caption in that the body states that the parties wish to extend Defendants' deadline to respond to the complaint to December 30, 2015.[1]  Even though the filing is not fashioned as a motion, it will be interpreted as one because extensions of time require an order from the Court.  *See* Fed. R. Civ. P. 6(b).

---

[1] Plaintiff's proposed order contains the same discrepancy as the filing.  The caption states the December 3, 2015 date while the body twice states the December 30, 2015 date.  Because the body is considered the substance of any court filing, the Court will presume Plaintiff meant to use the December 30, 2015 date for the purposes of this order.

15cv2410

1    Rule 6(b) states that "[w]hen an act may or must be done within a specified
2    time, the court may, for good cause, extend the time . . . with or without motion or
3    notice if the court acts, or if a request is made before the original time or its extension
4    expires."  Fed. R. Civ. P. 6(b)(1).  Here, Plaintiff fails to demonstrate good cause.
5    She merely states that the parties have "agreed to an extension of time."  But Plaintiff
6    fails to provide any support for that assertion—Plaintiff's motion does not contain
7    Defendants' counsel's signature, and Plaintiff's counsel does not submit a declaration
8    recounting the parties' purported agreement.

9    Though Plaintiff fails to demonstrate good cause, the Court will nonetheless
10   extend Defendants' deadline to respond to the complaint because Plaintiff's request
11   is technically made to her detriment as she is entitled to a response within 21 days of
12   serving the complaint.  *See* Fed. R. Civ. P. 12(a)(1).  Accordingly, the Court
13   **GRANTS** Plaintiff's motion; Defendants shall respond to the complaint no later than
14   **December 30, 2015**.

15        **IT IS SO ORDERED.**

16

17   **DATED:  November 6, 2015**

18                                                    **Hon. Cynthia Bashant**
                                                      **United States District Judge**

19

20

21

22

23

24

25

26

27

28