1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARY CAPPS, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

LAW OFFICES OF PETER W. SINGER, *et al.*,

Defendants.

Case No. 15-cv-02410-BAS(NLS)

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**[ECF No. 26]**

On October 26, 2015, Plaintiff Mary Capps commenced this class action against Defendants the Law Offices of Peter W. Singer and MCT Group, Inc. seeking relief for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788–1788.32. (Compl., ECF No. 1.) Plaintiff

now moves unopposed for preliminary approval of a settlement reached between the parties and for certification of a settlement class. (Mot., ECF No. 26.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement.

## I.   PROPOSED SETTLEMENT

### A.   Settlement Class

After conducting discovery and participating in arm's length negotiations, the parties have reached a proposed settlement of this matter ("Settlement"). (Stipulation of Class Action Settlement ("Settlement Agreement"), Semnar Decl. ¶ 7, Ex. 1, ECF No. 26-2.)[1] The Settlement applies to a proposed Class that is defined as:

> [A]ll consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc. in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes. Each Class [M]ember was sent such a letter between October 26, 2014, and the date of final execution of the Settlement Agreement . . . . Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

(*Id.* § 1.) The parties estimate the Class consists of 174 individuals. (Mot. 4:18–20.) A Class Member is a member of the Class who does not submit a valid request for exclusion from the Settlement. (Settlement Agreement § 1.) To represent the Class,

---

[1] Capitalized terms used in this Order but not defined herein have the meanings ascribed to them in the Settlement Agreement.

the parties agree to seek appointment of Plaintiff as Class Representative and Plaintiff's counsel, Semnar & Hartman, LLP, as Class Counsel. (*Id.*)

### B.   Settlement Fund

Defendants expressly deny any wrongdoing with respect to the issues presented in this Class Action; nevertheless, they wish to avoid the further expense and inconvenience of litigation. (Settlement Agreement §§ 12–13.) Thus, Defendants agree to establish a Settlement Fund in the amount of $11,606.16 to pay solely for awards to Class Members. (*Id.* §§ 1, 6.) Plaintiff asserts that the Settlement Fund provides the maximum statutory damages available to the Class against Defendant the Law Offices of Peter W. Singer. (Mot. 1:17–19.) Plaintiff also brought claims on behalf of the Class against Defendant MCT Group based on a theory of vicarious liability, but Plaintiff states that due to uncertainties with this theory, the Settlement Fund is based on only the recoverable damages against Defendant the Law Offices of Peter W. Singer. (*Id.* 18:9–12.)

All Class Members who have not opted out of the Class will be sent a check for $66.70—their pro rata share of the $11,606.16 Settlement Fund—by the Settlement Administrator. (Settlement Agreement §§ 6–7.) All checks not cashed within 180 days of issuance will be allocated to a *cy pres* recipient, the Voluntary Legal Services Program of Northern California, which assists low-income clients with legal problems associated with debt collection. (*Id.* § 11.)

### C.   Notice to Settlement Class Members

The parties designate First Class, Inc. as the Settlement Administrator. (Settlement Agreement § 1.) The Settlement Administrator will be responsible for disseminating class notice, distributing settlement awards, and managing class member data. (*Id.* § 7.) Within ten business days of the date of this Order, Defendants shall provide the Settlement Administrator with a list of putative Class Members and

the Settlement Administrator shall send each Class Member by First Class U.S. mail a Class Notice. (*Id.* § 8.) The Class Notice shall consist of a two page document detailing, among other things, a summary of the Settlement, directions on how to submit a claim for a share of the Settlement Fund or how to be excluded from the Class, and the right to object to the terms of the Settlement. (Proposed Notice to Class Members ("Class Notice"), Semnar Decl. ¶ 14, Ex. 2, ECF No. 26-2.)

### D.  Right to Opt Out or Object and Release of Claims

Any Class Member may opt out of the Class by submitting a written Request for Exclusion to the Settlement Administrator by following directions provided in the Class Notice. (Settlement Agreement § 9.) A Request for Exclusion must be postmarked no later than 60 days after the Settlement Administrator sends the Class Notice. (*Id.*) Every Class Member who does not timely and properly submit a Request for Exclusion from the Class shall be bound by all proceedings, orders, and judgments in this Class Action. (*Id.*)

Upon final approval of the Settlement, the Class Representative and all Class Members shall be deemed to have released and discharged Defendants from any and all claims that are known or unknown to the Class Members and arise from the conduct alleged in the Complaint. (Settlement Agreement § 14.)

### E.  Attorneys' Fees and Settlement Costs

The parties have negotiated for Class Counsel to receive an award of $39,000 for attorneys' fees and costs, to be paid 30 days after final approval of the Settlement. (Settlement Agreement § 5.) Class Counsel shall make its application for fees and costs concurrently with the submission of the Motion for Final Approval of the Class Settlement. (*Id.*) Defendants shall pay the Settlement Administrator a fee not to exceed $4,000 to perform all responsibilities as set forth in the Settlement Agreement. (*Id.* § 7.)

## II.   <u>DISCUSSION</u>

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23(e).'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1026).

### A.   <u>Class Certification</u>

Before granting preliminary approval of a class-action settlement, the Court must first determine whether the proposed class can be certified. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). In this regard, Rule 23 contains two sets of

class certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). "A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met." *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 443 (N.D. Cal. 2008).

"Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Otsuka*, 251 F.R.D. at 443 (citing Fed. R. Civ. P. 23(a)). "A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication." *Id.* (citing Fed. R. Civ. P. 23(b)).

In the context of a proposed settlement class, questions regarding the manageability of the case for trial are not considered. *E.g.*, *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 474 (E.D. Cal. 2009) (citing *Amchem Prods., Inc.*, 521 U.S. at 620) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

The Court considers the threshold issue of whether the Class is ascertainable and each of the prerequisites for certification in turn below.

//

//

1

### 1. Ascertainability

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." *Mazur v. eBay, Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). Certification is improper if there is "no definable class." *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 730 (9th Cir. 2007).

"A class should be precise, objective, and presently ascertainable," though "the class need not be so ascertainable that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing N. Am. Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal quotation marks omitted). "A class is ascertainable if it is defined by 'objective criteria' and if it is 'administratively feasible' to determine whether a particular individual is a member of the class." *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2014 WL 2860995, at *4 (N.D. Cal. June 23, 2014). However, "[a] class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Hanni v. Am. Airlines, Inc.*, No. C 08-00732, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010). "It is not fatal for a class definition to require some inquiry into individual records, as long as the inquiry is not so daunting as to make the class definition insufficient." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 673 (N.D. Cal. 2011) (internal quotation marks omitted).

Here, the Class is defined by objective criteria—whether a consumer with a California address received a letter from Defendants with specified debt collection language. (Settlement Agreement § 1.) Further, as part of the proposed Settlement, Defendants shall provide the Class Administrator with a list of putative Class Members. (*Id*. § 8.) Through discovery, Plaintiff's counsel has learned that the number of individuals who received substantially similar letters from Defendants is 174. (Semnar Decl. ¶ 6.) Therefore, the Class is defined by objective criteria, and it is administratively feasible to determine who is a member of the Class. As such, the

15cv2410

Court finds that the Class is ascertainable.

### 2.      Numerosity – Rule 23(a)(1)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

As previously mentioned, the anticipated number of Class Members is 174. (Semnar Decl. ¶ 6.) The Court therefore finds that joinder of all Class Members is impracticable for the purposes of Rule 23(a)(1), and the numerosity requirement is satisfied. *See Celano*, 242 F.R.D. at 549.

### 3.      Commonality – Rule 23(a)(2)

Under Rule 23(a)(2), the named plaintiff must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury[.]'" *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). However, "[a]ll questions of fact and law need not be common to satisfy this rule." *Hanlon*, 150 F.3d at 1019. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

Plaintiff alleges that Defendants sent a collection letter to Plaintiff that "overshadowed, weakened, and failed to comply with the notice required" by both the FDCPA and the Rosenthal Act. (Compl. ¶ 38.) The letter in question stipulated that Plaintiff had only seven days to either respond to the letter or pay Defendant MTC Group an overdue balance, as opposed to the thirty days allotted by both federal and state law. (*Id.* ¶¶ 38–39.) Because the letter allegedly "attempted to limit the

rights available to Plaintiff" and consequently violated the FDCPA and the Rosenthal Act, Plaintiff asserts she is entitled to statutory damages. (*Id.* ¶¶ 38, 55–60.)

Plaintiff claims that because Defendants sent "substantially similar" letters to the proposed Class Members, the Class Members' rights were similarly violated. (Compl. ¶ 43.) Thus, Plaintiff alleges there exists a "well-defined community of interest in the questions of law and fact involved" in this action. (*Id.* ¶ 46.) The Court agrees. In addition to sharing a common core of facts, the Class Members share a common legal issue: whether the letters sent by Defendants violated the FDCPA and the Rosenthal Act. Accordingly, the commonality requirement is satisfied.

### 4.    Typicality – Rule 23(a)(3)

To satisfy Rule 23(a)(3), the named plaintiff's claims must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

Plaintiff's and the Class Members' claims arise from the same alleged conduct of Defendants—the sending of debt collection letters that limit the time for the recipient to respond to less than 30 days—and are based on the same legal theory—violation of the FDCPA and the Rosenthal Act. Because Plaintiff's claims are practically identical to the claims of absent Class Members, the typicality requirement

is satisfied. *See, e.g.*, *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D. Cal. 2005) (concluding that the typicality factor was met where "[e]ach of the class members was sent the same collection letter as [the plaintiff] and each was allegedly subjected to the same violations of the FDCPA"); *Schuchardt v. Law Office of Rory W. Clark*, No. 15-cv-01329-JSC, 2016 WL 232435, at *5 (N.D. Cal. Jan. 20, 2016) ("Because the Class Members were sent the same letter as [p]laintiffs, suffered the same harm, and seek the same recovery, the typicality requirement is met.").

### 5.  Adequacy – Rule 23(a)(4)

Rule 23(a)(4) requires that the representative plaintiff "will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

Here, there is no indication that Plaintiff or her counsel have a conflict of interest with the putative Class Members. (Mot. 12:8—10.) Plaintiff herself possesses a "basic understanding of the claims filed in her Complaint" and alleges that she "will fairly and adequately protect the interests of the Class" as a "motivated and qualified class representative." (*Id.* 12:5–6; *see also* Compl. ¶ 47.)

Plaintiff's counsel also appears to have vigorously investigated and litigated this action. (*See* Semnar Decl. ¶¶ 2–7.) Additionally, the Court does not question the adequacy of Plaintiff's counsel, Babak Semnar and Jared M. Hartman of Semnar and Hartman, LLP. The firm has been counsel for and worked on a number of consumer rights class actions, including actions involving violations of the FDCPA and the

Rosenthal Act. (Semnar Decl. ¶ 9; Hartman Decl. ¶ 2, ECF No. 26-3.) Accordingly, this requirement is satisfied.

### 6.    Predominance and Superiority – Rule 23(b)(3)

In addition to satisfying Rule 23(a)'s four prerequisites, Plaintiff must also show that her action satisfies one of the three conditions set forth in Rule 23(b). In this case, Plaintiff requests certification pursuant to subdivision (b)(3). (*See* Mot. 12:19–22.) Rule 23(b)(3) requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudication the controversy." Fed. R. Civ. P. 23(b)(3).

### a)    Predominance

"The predominance inquiry focuses on 'the relationship between the common and individual issues' and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (quoting *Hanlon*, 150 F.3d at 1022). The focus of the inquiry is not the presence or absence of commonality as it is under Rule 23(a)(2). Instead, the predominance requirement ensures that common questions "present a significant aspect of the case" such that "there is clear justification"—in terms of efficiency and judicial economy—for resolving those questions in a single adjudication. *Hanlon*, 150 F.3d at 1022; *see also Vinole*, 571 F.3d at 944 ("[A] central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.")

If the Court were to determine that Defendants' collection letter violated either the FDCPA or the Rosenthal Act, "that single adjudication would reach the claims of all proposed Class Members." *See Schuchardt*, 2016 WL 232435, at *6; *see also, e.g.*, *Abels*, 227 F.R.D. at 547 ("Here, the issues common to the class—namely,

whether Defendants' systematic policy of sending collection letters, and whether those letters violate the FDCPA—are predominant."). Consequently, the issue common to all Class Members is the predominate issue in this Class Action, satisfying the predominance requirement.

### b) Superiority

"Plaintiffs must also demonstrate that a class action is 'superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Otsuka*, 251 F.R.D. at 448 (quoting Fed. R. Civ. P. 23(b)(3)). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234–35 (9th Cir. 1996). The following factors are pertinent to this analysis:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The Court finds that a class action is the superior means for adjudicating the claims presented in this case for a variety of reasons. First, a class action is superior because of the relatively low value of the average Class Member's potential action against Defendants—$1,000 under the FDCPA and $1,000 under the Rosenthal Act. 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b). Second, "individual consumers are most likely unaware of their rights under the FDCPA" and, similarly, under the Rosenthal Act, and "[c]lass action certifications to enforce compliance with

15cv2410

consumer protection laws are 'desirable and should be encouraged.'" *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999) (quoting *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607, 610 (D. Ariz. 1982)). Third, because this action presents a single issue common to all Class Members that will resolve their claims—whether the letter they received violated the FDCPA and the Rosenthal Act—this action promotes judicial efficiency by saving the time and expense of individual lawsuits. Finally, the Court is unaware of any other litigation regarding the claims at issue, and the parties agree this forum is desirable to resolve the putative Class Members' claims. Thus, the superiority requirement is satisfied.

For the forgoing reasons, the Court provisionally finds the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been met for the proposed Class.

### B.   <u>Preliminary Fairness Determination</u>

Having certified the Class, the Court must next make a preliminary determination of whether the class action settlement is "fair, reasonable, and adequate" pursuant to Rule 23(e)(2). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.* Relevant factors to this determination include, among others:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.*; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious,

informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citations omitted).

Here, the Settlement complies with all of these requirements. The Court addresses the relevant factors in further detail below.

### 1.    Strength of the Plaintiffs' Case and Risk of Further Litigation

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n of the City & Cty. of S.F.*, 688 F.2d 615, 624 (9th Cir. 1982) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). As explained by the Supreme Court, "[n]aturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971).

Here, Plaintiff argues that "the monetary value of the Proposed Settlement to [the] Class represents a fair compromise given the litigation risks and uncertainties presented by continued litigation." (Mot. 18:2–4; *see also* Settlement Agreement Recital C.) Plaintiff further states that if litigation were to proceed without settlement, she would face "the risk of dismissal upon a dispositive motion, denial of class certification, and loss at trial" due to Defendants' various arguments in opposition to her and the Class Members' claims. (*Id.* 18:13–27; *see also* Settlement Agreement Recital C; Answer, ECF No. 9.) Both parties assert that continued litigation would be costly and time consuming, and although Defendants deny any wrongdoing, they agree to settle this case to avoid further litigation expense. (Mot. 1:8–11, 19:3–5; Settlement Agreement Recital C.)

In light of these considerations, the Court agrees with the parties that the Settlement represents a compromise that eliminates litigation risk, while the Class at the same time relinquishes the opportunity to pursue additional damages against Defendant MCT Group. Thus, the Settlement assures that Class Members receive some compensation for their claims. Consequently, the Court finds this factor supports granting approval of the Settlement.

### 2.    Amount of the Proposed Settlement

The FDCPA limits the recovery for Class Members to the lesser of $500,000 or one percent of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B).[2] Further, the Rosenthal Act incorporates the FDCPA's remedies, Cal. Civ. Code § 1788.17, and the Ninth Circuit has held that a plaintiff may recover under both the Rosenthal Act and the FDCPA, *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011). "'Net worth' for the purposes of the FDCPA means balance sheet net worth, not fair market net worth including goodwill." *Schuchardt*, 314 F.R.D. at 683 (citing *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000)).

Here, the value of the Settlement Fund is $11,606.16. (Settlement Agreement § 1.) As mentioned, each Class Member who does not opt out of the Class will receive approximately $66.70, based off of an anticipated class size of 174 individuals. (Mot. 4:21–28; Settlement Agreement § 6.) According to Plaintiff, the Settlement Fund is equal to a combination of the maximum damages allowed under both federal and state statutes against Defendant the Law Offices of Peter W. Singer's net worth, which equates to two percent of this Defendant's net worth. (*See* Mot. 18:4–9.) Plaintiff does not pursue damages on behalf of the Class based on Defendant MCT Group's net worth due to uncertainty with Plaintiff's theory of liability for this Defendant. The parties do not provide the Court with a concrete figure of the Law

---

[2] In this case, the maximum recovery under the FDCPA is capped at $174,000 because the maximum recovery per individual is $1,000, and there are 174 class members.

Offices of Peter W. Singer's net worth. Instead, the Settlement Agreement states that Defendants previously provided Plaintiff with the requisite net worth information subject to a protective order. (Settlement Agreement Recital B.)

The Court concludes that the amount offered in the Settlement, if indeed the maximum statutory damages allowed, weighs in favor of preliminary approval. However, the parties do not explain how they determined $11,606.16 is the maximum amount of damages available against Defendant the Law Offices of Peter W. Singer. Thus, although the Court ultimately grants Plaintiff's motion for preliminary approval below, the Court will order the parties to explain, prior to or at the Fairness Hearing, how they calculated the maximum amount of statutory damages. If necessary, the parties may request to file their explanation under seal, given that it may reveal Defendant's proprietary information.

### 3.   Extent of Discovery Completed and Stage of the Proceedings

The Court assesses the stage of the proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement. *See Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution."). So long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (explaining that a combination of investigation, discovery, and research conducted prior to settlement can provide sufficient information for class counsel to make an informed decision about settlement).

Plaintiff asserts that "[w]hile discovery is not complete, Plaintiff's counsel has completed sufficient discovery to conclude that the Proposed Settlement is in the best

interest of the Class." (Mot. 17:14–16.) The Court agrees. The parties previously engaged in two early neutral evaluation conferences with U.S. Magistrate Judge Nita L. Stormes that did not result in settlement. (Semnar Decl. ¶ 3.)  Plaintiff then filed a joint discovery plan, which Defendants responded to. (*Id.* ¶ 4.) Through discovery, Plaintiff's counsel learned that Defendants likewise sent 174 individuals "substantially similar form letters" to the letter Plaintiff received. (*Id.* ¶ 6.) Subsequently, the parties reached the Settlement through good faith, arm's length negotiations. (*Id.* ¶ 7.) Given the discovery conducted, the stage of the proceedings, and the evidence of arms-length negotiations, the Court concludes that this factor weighs in favor of preliminary approval of the Settlement.

### 4.      Experience and Views of Counsel

As mentioned above, Class Counsel have significant experience in handling class actions, including class actions arising from issues with the FDCPA and the Rosenthal Act. (Semnar Decl. ¶ 9; Hartman Decl. ¶ 2.) Class Counsel also believe that the proposed Settlement treats all Class Members fairly. (Mot. 20:2–5.) Every Class Member is to receive "an equal pro rata share of the Settlement Fund," and the Settlement Fund is the maximum statutory amount of damages available to the Class against Defendant the Law Offices of Peter W. Singer. (*Id.* 1:18, 20:3–4.) Class Counsel believe the proposed Settlement to be an "excellent result" for the Class. (*Id.* 1:17.) "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Accordingly, giving the appropriate weight to Class Counsel's recommendation, the Court concludes that this factor also weighs in favor of preliminary approval.

### 5.      Reaction of the Class to the Settlement

Plaintiff, aside from her own view, provides no evidence regarding any putative Class Members' reactions to the Settlement—presumably because no other

Class Members have been informed of it. The proposed Class Notice provides instructions as to how Class Members may object to or opt of the Settlement, as well as the deadlines for taking these actions. (Class Notice, Semnar Decl. Ex. 2.) Furthermore, the Class Notice will state the time and place of the Fairness Hearing and will provide Class Counsel's contact information for any inquiries a Class Member may have. (*Id.*) Accordingly, the Court will further consider this factor at the Fairness Hearing before granting final approval of the Settlement.

* * *

On balance, the Court finds that the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the Settlement and the terms and conditions set forth in the Settlement Agreement, subject to further consideration at the Fairness Hearing.

### C.  **Proposed Class Notice**

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable  under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* "[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

Here, the proposed Class Notice describes the nature of the Class Action, the proposed Class, the proposed Settlement, and how Class Members may claim their share of the Settlement Fund, object to the Settlement, or request to be excluded from the Settlement. (Semnar Decl. Ex. 2.) Additionally, the Class Notice explains that if Class Members do not opt out, they are agreeing to release their claims arising from the conduct alleged in the Complaint against Defendants. (*Id.*) For Class Members who file an objection, the Class Notice also provides the date, time, and place of the Fairness Hearing. (*Id.*)

Having reviewed the proposed Class Notice, the Court finds that the methods and contents of the Class Notice comply with due process and Rule 23, the Class Notice is the best notice practicable under the circumstances, and the Class Notice shall constitute due and sufficient notice to all persons entitled to notice of the Settlement. Therefore, the Court approves the form and content of the proposed Class Notice to be provided to the Class Members as set forth in Section 8 of the Settlement Agreement and Exhibit 2 of Mr. Semnar's Declaration.

## III.   <u>CONCLUSION</u>

In light of the forgoing, the Court **GRANTS** Plaintiff's motion for preliminary approval of the Settlement and certification of the Class. (ECF No. 26.) Notwithstanding the foregoing, the Court **ORDERS** the parties to explain, prior to or at the Fairness Hearing, how they calculated the maximum amount of statutory damages available against Defendant the Law Offices of Peter W. Singer. Further, the Court hereby **ORDERS** the following:

**(1)** Pursuant to Rule 23 of the Federal Rule of Civil Procedure, the Court hereby conditionally certifies the following class for settlement purposes only:

[A]ll consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc.in an attempt to collect a debt which, according to the nature

of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes and such letter was sent between October 26, 2014, and the date of final execution of the Settlement Agreement, and such letter contained the following language or language substantially similar:

> If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment. If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over. I urge you to contact my client directly at 800-622-2242.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you. This office will mail you a copy of such verification or judgment. If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

(2)  The Court hereby appoints Plaintiff Mary Capps as Class Representative of the Class.

(3)  The Court hereby appoints Babak Semnar and Jared M. Harman of Semnar & Harman, LLP, as Class Counsel to represent the Class.

(4)     The Court hereby preliminary approves the Settlement Agreement and the terms and conditions of the Settlement set forth therein, subject to further consideration at the Fairness Hearing.

(5)     The Court will hold a Fairness Hearing on **Monday, March 13, 2017, at 10:30 a.m.** in the Courtroom of the Honorable Cynthia Bashant, United States District Court for the Southern District of California, Courtroom 4B (4th Floor - Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

(a)     determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, whether the claims of the Class should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement of the action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b)     considering any motion of Class Counsel for an award of attorneys' fees and costs;

(c)     considering the motion of the Plaintiff for a service award, if any;

(d)     considering whether the releases by the Class Members as set forth in the Settlement Agreement should be provided; and

(e)     ruling upon such other matters as the Court may deem just and appropriate.

(6)     The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

(7)     Any motion in support of the Settlement and any motion for an award of attorneys' fees and costs or Plaintiff's service award, if any, must be filed with the Court no later than **Monday, February 13, 2017**. Any opposition must be filed no later than fourteen days after the motion is filed, and any reply must be filed no later than twenty-one days after the motion is filed.

(8)     The Court appoints First Class, Inc. to serve as the Claims

– 21 –

Administrator for the Settlement.

(9)     The Claims Administrator shall carry out all duties set forth in the Settlement Agreement in the manner provided in the Settlement Agreement.

(10)    The costs and expenses related to claims administration shall be paid by Defendants and shall not exceed $4,000, in accordance with the applicable provisions of the Settlement Agreement.

(11)    All Class Members shall be bound by all determinations and judgments in this action concerning the Settlement, whether favorable or unfavorable to the Class.

(12)    Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

(13)    Any person—including any entity via its authorized representative when applicable throughout this Order—falling within the definition of the Class may, upon request, be excluded from the Class. This procedure is also referred to as "opting out" of the Class. Any person wishing to be excluded from the Class must submit a written "Opt-Out Request" to the Claims Administrator postmarked on or before 60 days after the Notice Date ("Opt-Out Deadline"). The Notice Date will be within 10 business days of the Preliminary Approval Order and is the date the Notice is mailed. The Opt-Out Request must include the Class Member's: (a) full name; (b) address; (c) telephone number; (d) the name of the Class Action and its number: *Capps v. Law Offices of Peter W. Singer*, Case No. 3:15-cv-02410-BAS-NLS (S.D. Cal.); and (e) a statement that he or she wishes to be excluded from the Settlement Class. Opt-Out Requests purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. An Opt-Out Request must be written and may not be requested telephonically or by email.

(14)    Any Class Member who does not send a completed, signed Opt-Out Request with the information listed in Paragraph 13 above to the Claims

Administrator postmarked or delivered on or before the Opt-Out Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Class Action and by the terms of the Settlement, if finally approved by the Court. All persons who submit valid and timely Opt-Out Requests in the manner set forth in this Paragraph and Paragraph 13 above shall not: (a) be bound by any orders or the Final Judgment; (b) gain any rights by virtue of this Settlement Agreement; (c) be entitled to relief under the Settlement Agreement; nor (d) be entitled to object to any aspect of this Settlement Agreement.

**(15)** No later than ten days before the Fairness Hearing, the Claims Administrator shall cause to be filed with the Court a list reflecting all Opt-Out Requests.

**(16)** Any Class Member who desires to object either to the Settlement, the award of Class Counsel's fees and costs, or Plaintiff's service award, if any, must timely file with the Clerk of this Court and timely serve on the parties' counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Settlement Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than the deadline as set forth in the class notices, which is 60 days after the Notice Date ("Objection Deadline"). Class Members may not both object and request exclusion from the Settlement. If a Class Member submits both an Opt-Out Request and an objection, the Opt-Out Request will be controlling. To be considered by the Court, the objection must also contain all of the information listed in Paragraph 17 below. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline by the Clerk of the Court and by Class Counsel and Defendants' counsel. Such papers must be sent to each of the following persons:

//

//

//

1    U.S. District Court

2    Southern District of California

3    Office of the Clerk

4    333 West Broadway, Suite 420

5    San Diego, CA 92101

6

7    Semnar & Harman, LLP

8    Jared M. Hartman, Esq.

9    400 South Melrose Drive

10   Suite 209

11   Vista, CA 92081

12

13   Klinedinst PC

14   Heather Rosing

15   501 West Broadway

16   Suite 600

17   San Diego, CA 92101

18

19   **(17)**   All objections must include the Class Member's: (a) full name; (b)

20   address; (c) telephone number; (d) address of counsel, if any; (e) telephone number

21   of counsel, if any; (f) all objections and any evidence the objecting Class Member

22   wishes to introduce in support of the objections; (g) proof of membership in the

23   Class; (h) a statement as to whether the Class Member intends to appear at the final

24   Fairness Hearing, either individually or through counsel; (i) the Class Member's

25   signature; and (j) the name of the Class Action and its number: *Capps v. Law Offices*

26   *of Peter W. Singer*, Case No. 3:15-cv-02410-BAS-NLS (S.D. Cal.).

27   **(18)**   All objections must be filed with the Clerk and served on the parties'

28   counsel no later than the Objection Deadline. Objections that do not contain all

– 24 –

15cv2410

required information or are received after the Objection Deadline will not be considered at the Fairness Hearing. Any responses to objections must be filed no later than three days prior to the Fairness Hearing.

**(19)** Attendance at the Fairness Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the Settlement, the motion for an award of Class Counsel's fees and costs, or the motion for Plaintiff's service award, if any, is required to provide written notice of his or her intention to appear at the Fairness Hearing no later than ten days prior to the Fairness Hearing by filing a "Notice of Intention to Appear." The Notice of Intention to Appear must include the Class Member's name, address, telephone number, and signature and must be filed and served as described in Paragraph 16 of this Order. Class Members who do not oppose the Settlement, the motion for an award of Class Counsel's fees and costs, or the motion for Plaintiff's incentive award, need not take any action to indicate their approval. A person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the class notices waives any right the person may have to object to the Settlement, the award of Class Counsel's fees and costs, or Plaintiff's service award, if any, or to appeal or seek other review of, if issued, the Final Judgment and Order of Dismissal with Prejudice approving the Settlement.

**(20)** The parties are ordered to carry out the Settlement Agreement in the manner provided in the Settlement Agreement.

**IT IS SO ORDERED.**

**DATED: November 21, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**