SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN) 254860
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, California 92081
Telephone: (619)500-4187
Fax: (888) 819-8230

Attorneys for Plaintiffs,
MARY CAPPS, individually and on
behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CAPPS, individually and on behalf of others similarly situated,<br><br><br><br>Plaintiff,<br><br>v.<br><br><br><br>LAW OFFICES OF PETER W. SINGER AND MCT GROUP, INC.,<br><br>Defendants. | Case No.   3:15-cv-2410-BAS-NLS<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*The Honorable Cynthia Bashant*<br><br>DATE: March 13, 2017<br>TIME: 10:30 a.m.<br>Loc.: Courtroom 4B<br>   221 W. Broadway<br>   San Diego, CA 92101 |

TO THE HONORABLE U.S. DISTRICT COURT JUDGE, THE CLERK OF COURT, ALL PARTIES OF RECORD AND THEIR COUNSEL:

PLEASE TAKE NOTICE, on March 13, 2017, at 10:30 a.m., in Courtroom 4B of the above-entitled Court, located at 333 West Broadway, San Diego, California, Plaintiff will, and hereby does, move for the Court to enter the

following orders: (1) granting final approval to the proposed Settlement as fair, reasonable, and adequate; (2) confirming its prior preliminary certification of the Settlement Class; (3) finding that Notice was issued to the Settlement Class satisfying Rule 23 and due process, and to state and federal officials satisfying 28 U.S.C. ¶ 1715; (4) excluding any timely received exclusions from the Settlement Class; (5) granting Class counsel's request for attorneys' fees and costs; and (6) entering final judgment as to Defendants pursuant to Rule 23(c).

Plaintiff's Motion will be based upon the below Memorandum of Points and Authorities; the attached Declaration of Counsel, Babak Semnar, in support thereof; all other pleadings on file with this Court; and any other arguments and/or evidence that may be submitted at the hearing on this matter.

SEMNAR & HARTMAN LLP

DATED: February 13, 2017          By:   */s/ Jared M. Hartman*
                                        Jared M. Hartman, Esq.
                                        Attorneys for Plaintiff
                                        MARY CAPPS, individually and on
                                        behalf of all others similarly situated

## I.   <u>INTRODUCTION</u>

Plaintiff Mary Capps ("Plaintiff") requests pursuant to Fed. R. Civ. P. 23(e) that the Court grant final approval to the Proposed Settlement between Plaintiffs and Defendants the Law Offices of Peter Singer and MCT Group, Inc. (collectively "Defendants") providing for all Class Members who have not opted out of the Class to be sent a check for $66.70—their pro rata share of the $11,606.16 Settlement Fund—by the Settlement Administrator. The Court preliminarily approved the Proposed Settlement on November 21, 2016. Since then, the notice program approved by the Court has been fully implemented by First Class, Inc., the designated claims administrator.

The Proposed Settlement has been well received by the Class. Out of the 173 Class Members, none have requested exclusion or submitted an objection to the Proposed Settlement. If finally approved, the Proposed Settlement provides for an imminent cash benefit to the Class Members without a claims process. The Proposed Settlement is fair, adequate, and reasonable and merits final approval by the Court.

## II.   <u>BACKGROUND AND SUMMARY OF CLAIMS</u>

On October 26, 2015, Plaintiff Mary Capps filed this lawsuit against the Law Offices of Peter Singer and MCT Group, Inc. in this Court. (Dkt. 1.)  The complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*. and its California counterpart, the Rosenthal Act, Cal. Civil Code 1788 *et seq* on behalf of all persons who were California residents and were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc. which contained the following language:

///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12

> If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment. If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over. I urge you to contact my client directly at 800-622-2242.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you. This office will mail you a copy of such verification or judgment. If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

13   (Dkt. 1.)

14      On January 15, 2016, both Defendants jointly filed an Answer denying any

15   liability. (Dkt. 9.) On January 19, 2016, the parties were ordered to participate in

16   an early neutral evaluation conference on February 17, 2016. (Dkt. 10.) On

17   February 17, 2016, the attorneys for all parties participated in the early neutral

18   evaluation with the Honorable Nita Stormes in an initial attempt to resolve the

19   matter. (Dkt. 12.) When the settlement discussions reached an impasse over the

20   issue of vicarious liability, a further early neutral evaluation was scheduled for

21   March 4, 2016 to give the parties the opportunity to brief the issue prior to

22   engaging in further settlement discussions. (Dkt. 12.) The further early neutral

23   evaluation on March 4, 2016 similarly ended without a settlement and Class

24   Counsel propounded discovery on Defendants. (Declaration of Babak Semnar

25   ("Semnar Decl."), ¶¶ 3-4.)

26      Defendants cooperated fully with counsel for the class during their

27   investigation while continuing to vigorously deny any wrongdoing but wishing to

28   avoid further expense and inconvenience of protracted litigation, concurrent with

their litigation efforts, Plaintiff's counsel and counsel for the Law Offices of Peter Singer continued to engage in extensive, good faith, arm's length negotiations concerning the possibility of settlement of the action, including numerous emails and telephone conversations.  (Semnar Decl.¶ 5.) Ultimately, a global settlement agreement was reached and executed on or about October 7, 2016. (Semnar Decl.¶ 7, and Exhibit 1 thereto.)  It is this settlement agreement which Plaintiffs now present for final approval.

## III.   THE PROPOSED SETTLEMENT

### A.   The Settlement Class

The proposed settlement provides for certification of a settlement class defined as all consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc. in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes.  Each Class member was sent such a letter between October 26, 2014, and the date of final execution of the Settlement Agreement, and such letter contained the following language or language substantially similar:

> If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment.  If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over.  I urge you to contact my client directly at 800-622-2242.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you.  This office will mail you a copy of such verification or judgment.  If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the

1    current creditor.

2    (Semnar Decl. ¶ 7, Ex. 1.)

3        Excluded from the Class are: (a) any consumer whose letter was sent to an

4    attorney or debt counselor; (b) any consumer who was mailed a letter that was

5    returned as undeliverable; and (c) any consumer who filed for bankruptcy after

6    receiving the letter but did not disclose the claim as an asset. (*Id.*) As of the date of

7    the executed settlement agreement, the Class consisted of 173 individuals. (*Id.*)

8        **B.     Benefits to the Class**

9        Defendants have agreed to fund a Settlement Fund in the amount of

10   $11,606.16. (Semnar Decl. ¶ 7, Ex. 1.)  This amount is the maximum statutory

11   damages available to the Class based on the Law Offices of Peter Singer's net

12   worth.  In connection with the instant Motion, Defendant Law Offices of Peter

13   Singer will file documents under seal, which were also provided to Plaintiff's

14   counsel in discovery pursuant to protective order, that will confirm that the

15   $11,606.16 settlement fund amounts to 2% of the net worth of Defendant Law

16   Offices of Peter Singer.  The 2% net worth is the maximum damages available in

17   this matter, pursuant to 15 U.S.C. §1692k(a)(3) and Calif. Civ. Code §1788.17

18   (which incorporates 15 U.S.C. §1692k(a)(3) to provide for damages for violations

19   of the Rosenthal Act via Calif. Civ. Code §1788.17).

20       All checks not cashed within one hundred eighty (180) days of issuance

21   shall be allocated as *cy pres* to the Voluntary Legal Services Program of Northern

22   California, 501 12th Street, Sacramento, CA 95814.  Voluntary Legal Services

23   Program of Northern California provides services to low income clients with legal

24   problems associated with the collection of debts. Any Class member may request

25   the Settlement Administrator re-issue a settlement check at any time for good

26   cause (as determined in the reasonable discretion of the Settlement Administrator)

27   before that Settlement Class Member's payment is paid to Voluntary Legal

28   Services.

Issues regarding vicarious liability provided hurdles to any further additional recovery based on MCT's net worth.  Defendants have agreed that all Class members who have not opted out of the class within 60 days of the initial mailing of Class Notice will be sent a check for $66.70, their pro rata distribution of the $11,606.16 Settlement Fund, without having to make a claim. (*Id.*) Defendants will make payment of the Settlement Funds after the time to appeal the Final Approval Order has passed. (*Id.*)

### C.   Class Release

In exchange for the above benefits, Class members who do not opt out shall release claims against the Defendants consisting of all known and unknown claims of any nature whatsoever, known or unknown, which either the Plaintiff or any Class member has, or may have had, against the Defendants, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions flowing from the conduct alleged in the Complaint and related to or arising from the Class Action under federal, state or local law, rule or regulation. (Semnar Decl. ¶ 7, Ex. 1.)

### D.   Attorneys' Fees and Costs

After the settlement amount had been negotiated between the Parties, the Parties negotiated and stipulated to Class Counsel receiving an award of attorneys' fees and costs in the amount of $39,000.  (Semnar Decl. ¶¶ 7-8, Ex. 1.)  Class counsel shall make its application for approval of the fees and costs concurrently with the submission of this Motion for Final Approval of the Class Settlement. (*Id.*)

### E.   Administration and Notice

First Class, Inc. has served as the settlement administrator. (Declaration of Bailey Hughes ("Hughes Decl.") ¶ 2.)  On December 8, 2016, the Law Offices of Peter Singer provided First Class with a list of 173 persons identified as the class list, including their last known address.  (Hughes Decl. ¶ 3.) Prior to mailing, First

1    Class caused the addresses in the class list to be updated using the National Change

2    of Address database maintained by the U.S. Postal Service.  A total of 173

3    addresses were found and updated. (Hughes Decl. ¶¶ 3-5.)

4          On December 15, 2016, First Class mailed the Class Notice to each of the

5    173 class members. (Hughes Decl. ¶ 5, Ex. 1.)  As of February 11, 2017 (the last

6    postal delivery date prior to this filing), out of the 173 notices sent, 163 were

7    successfully sent and 11 were returned as undeliverable with no forwarding

8    address or further information provided by the U.S. Postal Service. (Hughes Decl.

9    ¶ 6.)

10         Class members were given until February 13, 2017 to object to or exclude

11    themselves from the Proposed Settlement.  As of February 13, 2017, no exclusions

12    requests or objections have been received. (Hughes Decl. ¶ 7.) First Class will

13    submit a supplemental declaration should any exclusions or objections be received

14    before the Final Approval Hearing. (*Id.*)

### IV.  <u>THE PROPOSED SETTLEMENT CLASS MEETS THE CRITERIA FOR FINAL APPROVAL.</u>

18         Procedurally, the approval of a class action settlement has two stages: (1) the

19    preliminary approval, which authorizes notice to the class; and (2) a final fairness

20    hearing, where the court determines whether the parties should be allowed to settle

21    the class action on the agreed-upon terms.  "In reviewing the proposed settlement,

22    the court need not address whether the settlement is ideal or the best outcome, but

23    determines only whether the settlement is fair, free of collusion, and consistent

24    with Plaintiff's fiduciary obligations to the class." *Thieriot v. Celtic Ins. Co.*, No.

25    C10-04462 LB, 2011 U.S. Dist. LEXIS 4504 at *8-9 (N.D. Cal. Jan. 13, 2011)

26         To make a fairness determination, the district court must balance a number

27    of factors, including: "(1) the strength of the plaintiff's case; (2) the risk, expense,

28    complexity, and likely duration of further litigation; (3) the risk of maintaining

class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement." *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).  In reviewing these factors, courts view the facts in a light most favorable to the settlement, as the Ninth Circuit maintains "a strong judicial policy" that favors class action settlements.  *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015).

In addition, courts "should not substitute their own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel." *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

Where, as here, a settlement has been reached prior to formal class certification, "a higher standard of fairness" applies due to "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative[.]" *Hanlon*, 150 F.3d at 1026; *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The Proposed Settlement satisfies these criteria.

A. **The Proposed Settlement Resulted from Arm's Length, Informed Negotiation by Experienced Counsel.**

Courts afford a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel. *See,* Newberg on Class Actions §11.41 at 90 (4th ed. 2002); *Shames v. Hertz Corp.*, No. 07-CV-2174-MMA(WMC) 2012 U.S. Dist. LEXIS 158577, at *75 (S.D.Cal. Nov. 5, 2012.) That presumption should apply here.

The Proposed Settlement was reached following arm's-length negotiations after sufficient discovery had been propounded. The parties participated in two early neutral evaluations discussing settlement with the Honorable Nita Stormes. While neither of those discussions resulted in settlement, the parties continued negotiations for several months before finally reaching an agreement. (Semnar Decl.¶¶3-7.)

Moreover, the settlement reached affords the Class members the maximum amount in statutory damages they could have recovered based on the net worth of the Law Offices of Peter Singer in the event that had prevailed on the causes of action asserted. (*Id.*) Class Counsel, who are experienced with class action and other complex litigation, were informed through their discovery efforts the net worth of the Law Offices of Peter Singer that served to calculate the maximum amount in statutory damages they could have recovered in this case. (Semnar Decl.¶¶3-7.) Class Counsel thoroughly researched applicable law and carefully analyzed the legality of Defendants collection efforts under a wide array of legal theories. Class Counsel have completed sufficient discovery to conclude that the Proposed Settlement is in the best interest of the Class. (Semnar Decl. ¶¶3-7.)

**B.** **The Proposed Settlement is Fair and Reasonable Considering the Benefits Conferred, the Case Value, and Significant Litigation Risks.**

"The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979) (citing the MANUAL FOR COMPLEX LITIGATION § 1.46 at 56 (4th ed. 1977)).

As detailed in the motion for preliminary approval, were Plaintiff to prevail on all of her claims and damage theories, the maximum damages the Class would recover is one percent of the net worth of the Law Offices of Peter Singer on the

FDCPA claim and one percent of the net worth of the Law Offices of Peter Singer on the Rosenthal Act claims. (15 USC §1692k(a)(3) and Cal. Civ. Code §1788.17.) This is the amount afforded under the terms of the settlement agreement. (Semnar Decl. ¶7, Ex. 1.) While Plaintiff has asserted the legal theory of vicarious liability against Defendant MCT Group, in this context it is uncertain and vehemently contested if this theory would allow the Class to recover from MCT Group any additional sum based on its own net worth.

This compromise is fair and reasonable in light of the benefits conferred, the case value, and significant litigation risks. Absent settlement, the Class would face the risk of denial of class certification, enforcement of individual arbitration agreements, dismissal based on preemption, or loss at trial. *See* Motion for Preliminary Approval, Dkt #26.

Continued litigation will increase the already significant costs incurred on a matter where the maximum statutory recovery is relatively small and already attained by this settlement. Plaintiff would face the risk of dismissal upon a dispositive motion, denial of class certification, and loss at trial. Were a class not certified, it is unlikely that many Settlement Class members would maintain an individual action.  Therefore, absent settlement, Plaintiff's counsel acknowledges that there would be a continued vigorous challenge to both class certification and the merits of Plaintiff's claims. While Plaintiff's counsel remains confident that Plaintiff would certify a litigation class and prevail on the class claims, continued litigation would be costly, time consuming, and uncertain. Plaintiff still would have to prevail at class certification, establish class-wide liability, and then prove up various issues regarding damages.

Given these costs and risks of litigation, the Proposed Settlement represents an excellent outcome for the Class and merits approval.

## C.   The Class Has Reacted Favorably to the Settlement.

The Proposed Settlement has been well received by the Class. None of the

173 class members have requested to be excluded from or objected to the Proposed Settlement. (Hughes Decl. ¶ 7.) This positive reaction is an important factor in evaluating the fairness, reasonableness, and adequacy of the settlement and supports approval in the present case. *See Pereira v. Ralph's Grocery Co.*, No. CV 07-841 PA(FFMX), 2010 WL 6510346, at *4 (C.D. Cal. July 1, 2010) ("a relatively low number of objections is an important indication that the proposed settlement agreement is fair and adequate"); *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575, at *6 (E.D. Cal. Oct. 31, 2012); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

## V.   CLASS CERTIFICATION IS APPROPRIATE.

This Court has already conditionally certified the Settlement Class and appointed Plaintiff as the Class Representative. (Preliminary Approval Order, Dkt 27.) Nothing has changed to require reconsideration of the findings that supported that order. As set forth in Plaintiff's motion for preliminary approval, the Settlement Class satisfies the requirements of class certification in Rule 23(a) and Rule 23(b)(3).

Because the claims are being certified for purposes of settlement, there are no issues with manageability. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Numerosity is satisfied because the Settlement Class consists of more than 40 persons. (Semnar Decl. ¶ 6.) Common questions predominate because

Plaintiff's claims are based on Defendants class wide practice of mailing a letter which contained language that Plaintiff contends violated the FDCPA and Rosenthal Acts. (Complaint, ¶¶38-39, 43, 46, 55-60.) Typicality is satisfied because Plaintiff's claims are practically identical to the claims of absent Class Members. (Dkt. 27, 9:27-10:1.)  Adequacy is satisfied as there are no conflicts between Plaintiff and other Class Members, Plaintiff has vigorously prosecuted the case on behalf of the Class, and Plaintiff has retained qualified and competent attorneys to prosecute this case. (Semnar Decl. ¶ 2.) Superiority is satisfied because of the relatively low value of the average Class Member's potential action addressing the Class's claims in a single action is preferable to individually litigating the claims.

## VI.   NOTICE TO THE SETTLEMENT CLASS WAS ADEQUATE AND SATISFIED DUE PROCESS

The notice provided to the Settlement Class was adequate and satisfied both Rule 23 and due process. Rule 23(e)(1) only requires that the best notice practicable—rather than actual notice—be provided. *Siber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009); Fed. R. Civ. P. 23(e)(1). In granting preliminary approval, this Court approved the notice plan set forth in the Settlement Agreement and summarized above. That plan has been fully executed. (Hughes Decl. ¶¶ 1-7.) Accordingly, all notice requirements have been met.

## VII.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion enter the following orders: (1) granting final approval to the proposed Settlement as fair, reasonable, and adequate; (2) confirming its prior preliminary certification of the Settlement Class; (3) finding that Notice was issued to the Settlement Class

- 13 -

satisfying Rule 23 and due process, and to state and federal officials satisfying 28 U.S.C. ¶ 1715; (4) excluding any timely received exclusions from the Settlement Class; (5) granting Class counsel's request for attorneys' fees and costs; and (6) entering final judgment as to Defendants pursuant to Rule 23(c).

SEMNAR & HARTMAN LLP

DATED: February 13, 2017          By:  */s/ Jared M. Hartman*
                                       Jared M. Hartman, Esq.
                                       Attorneys for Plaintiff
                                       MARY CAPPS, individually and on
                                       behalf of all others similarly situated

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
3:15-cv-2410 BAS NLS

1  SEMNAR & HARTMAN, LLP
   Babak Semnar (SBN 224890)
2  bob@sandiegoconsumerattorneys.com
   Jared M. Hartman, Esq. (SBN) 254860
3  jared@sandiegoconsumerattorneys.com
   400 S. Melrose Dr., Suite 209
4  Vista, California  92081
   Telephone: (619)500-4187
5  Fax: (888) 819-8230

6  Attorneys for Plaintiffs,
   MARY CAPPS, individually and on
7  behalf of all others similarly situated

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 MARY CAPPS, individually and on        Case No.   3:15-cv-2410 BAS NLS
   behalf of others similarly situated,
12                                        **DECLARATION OF BABAK SEMNAR**
                  Plaintiff,              **IN SUPPORT PLAINTIFF'S MOTION**
13                                        **FOR FINAL APPROVAL OF CLASS**
           v.                             **SETTLEMENT**
14
   LAW OFFICES OF PETER W.                Courtroom:        4B
15 SINGER AND MCT GROUP,                  Judge:            Cynthia Bashant
   INC.,                                  Magistrate Judge: Nita L. Stormes
16                                        Complaint Filed:  October 26, 2015
                  Defendants.             Trial Date:       None set
17

18

19         I, Babak Semnar, declare:

20         1.     I am a member in good standing of the California State Bar, and a

21 partner in the law firm of Semnar & Hartman LLP, which represented Plaintiff and

22 the Class in this action. I submit this declaration in support of Plaintiff's Motion

23 for Final Approval of the Settlement Agreement. I am one of the two primary

24 attorneys at Semnar & Hartman LLP on this case, and have been involved in every

25 aspect of it from inception to the present. Except where stated otherwise, I have

26 personal knowledge of the matters set forth herein, and could and would

27 competently testify thereto if called to do so.

28

2.      Our firm initiated this lawsuit as a result of our review of a letter received by Plaintiff from the Law Offices of Peter Singer, sent as an agent acting on behalf of MCT Group, Inc., seeking to collect a debt. Plaintiff only desires to maximize recovery for the class.  Plaintiff has no relationship with our firm other than as her attorney in this action.

3.      After the parties responded to the Complaint filed by our office, we participated in two early neutral evaluation conferences with the Honorable Nita Stormes and counselors for the Law Offices of Peter Singer and MCT Group, Inc. to attempt to resolve the matter, but no settlement resulted.

4.      We then propounded written discovery to Defendants the Law Offices of Peter Singer and MCT Group, Inc. to which both parties responded. Through discovery, we developed an understanding of the Law Offices of Peter Singer's and MCT, Groups collection practices.

5.      Concurrent with litigation efforts, I and counsel for the Law Offices of Peter Singer, engaged in extensive, good faith, arm's length negotiations concerning the possible settlement of the Action, including numerous emails, and telephone conversations. These communications thoroughly analyzed the relevant law, facts, and the litigation risks all sides face.

6.      Through discovery and negotiations, I learned the class consisted of 174 people who received substantially similar form letters from the Law Offices of Peter Singer on behalf of MCT Group, Inc.The parties were able to reach a global settlement on October 7, 2016.  The settlement affords the class members the maximum amount in statutory damages they could possibly recover based on the net worth of the Law Offices of Peter Singer.  I believe this settlement is in the best interest of the class. Attached hereto as **Exhibit 1**, is a true and correct copy of the settlement agreement.

7.      In connection with the instant Motion, Defendant Law Offices of Peter Singer will file documents under seal, which were also provided to Plaintiff's

counsel in discovery pursuant to protective order, that will confirm that the $11,606.16 settlement fund amounts to 2% of the net worth of Defendant Law Offices of Peter Singer. The 2% net worth is the maximum damages available in this matter, pursuant to 15 U.S.C. §1692k(a)(3) and Calif. Civ. Code §1788.17 (which incorporates 15 U.S.C. §1692k(a)(3) to provide for damages for violations of the Rosenthal Act via Calif. Civ. Code §1788.17).

8.   All checks not cashed within one hundred eighty (180) days of issuance shall be allocated as *cy pres* to the Voluntary Legal Services Program of Northern California, 501 12th Street, Sacramento, CA 95814. Voluntary Legal Services Program of Northern California provides services to low income clients with legal problems associated with the collection of debts. Any Class member may request the Settlement Administrator re-issue a settlement check at any time for good cause (as determined in the reasonable discretion of the Settlement Administrator) before that Settlement Class Member's payment is paid to Voluntary Legal Services.

9.   After the parties negotiated the initial terms of the settlement, the parties than negotiated and stipulated to Class Counsel receiving an award of attorneys' fees and costs in the amount of $39,000. This negotiation was separate from the negotiation of the class settlement terms and remained adversarial, non-collusive, and at arm's length. Class counsel will make its application for approval of the fees and costs concurrently with the submission of this Motion for Final Approval of the Class Settlement consistent with the terms of the settlement agreement.

///
///
///
///
///

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct according to the best of my knowledge.

Executed on this <u>13th </u>day of February, 2017, in Vista, California.


*/s/ Babak Semnar*
Babak Semnar, Esq.
Counsel for Plaintiff

DECLARATION OF BABAK SEMNAR IN SUPPORT PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
3:15-cv-2410 BAS NLS

# EXHIBIT 1

## FULLY EXECUTED
## SETTLEMENT AGREEMENT

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement ("**Settlement Agreement**") is entered into as of ___10-17-16___ by, between and among (a) MARY CAPPS, individually and on behalf of all class members as defined herein ("**Plaintiff**") and (b) LAW OFFICES OF PETER W. SINGER and MCT GROUP, INC. (collectively "**Defendants**"). Jointly, **Plaintiff** and **Defendants** shall be referred to as the "**Parties**".

## RECITALS

**A.   THE CLASS ACTION**

      WHEREAS, on or about October 26, 2015, Plaintiff filed a class action lawsuit against Defendants in the United States District Court for the Southern District of California. Said class action is assigned case number 3:15-cv-2410 BAS NLS and entitled *MARY CAPPS, individually and on behalf of others similarly situated, v. LAW OFFICES OF PETER W. SINGER AND MCT GROUP, INC.* (hereafter the "Class Action"). In the Class Action, Plaintiff alleged Defendants sent a letter to Plaintiff which violated the federal Fair Debt Collection Practices Act and California's Rosenthal Act. Plaintiff sought recovery of statutory damages and reasonable attorneys' fees and costs under both statutes, individually and on behalf of a putative class.

**B.   INVESTIGATION**

      WHEREAS, Counsel for the Class has investigated the facts available to counsel and the applicable law. Defendants have cooperated fully with Counsel for the class and have provided the Law Offices of Peter Singer's net worth information to Counsel for the Class. All financial information has been provided subject to a protective order. Defendants acknowledge that Plaintiff and Class Counsel have relied on this information in agreeing to this Settlement Agreement.

**C.   SETTLEMENT**

      WHEREAS, the Parties desire to avoid further litigation expense and time expenditure and settle all differences now existing between them, including all claims relating to Plaintiff's receipt of a letter allegedly in violation of the federal Fair Debt Collection Practices Act and California's Rosenthal Act and any and all class allegations in the Class Action or claims existing prior to the date of execution of this Settlement Agreement.

      Plaintiff and the Class Members desire to settle their claims against Defendants, having taken into account, through their Counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the Class, Counsel for the class considers it to be in the best interest of the Class to enter into this Settlement Agreement. The Class is receiving maximum statutory damages based on the Law Offices of Peter Singer's net worth. Issues regarding vicarious liability provide potential hurdles to any further additional monetary recovery.

      NOW, THEREFORE, for good and valuable consideration provided for herein, it is agreed by, between and among the Parties that, subject to Court approval, the Class Action shall be fully and completely settled according to the following terms and conditions:

## TERMS AND CONDITIONS OF AGREEMENT

1.    <u>Definitions</u>. For purposes of this Settlement Agreement, the following terms shall have the meanings specified herein:

The "**Class**" is defined as all consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc.in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes and such letter was sent between October 26, 2014, and the date of final execution of the Settlement Agreement,  and such letter contained the following language or language substantially similar:

If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment.  If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over.  I urge you to contact my client directly at 800-622-2242.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you.  This office will mail you a copy of such verification or judgment.  If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

"**Class Action**" means the action titled *MARY CAPPS, individually and on behalf of others similarly situated, v. LAW OFFICES OF PETER W. SINGER AND MCT GROUP, INC.*, Case No. 3:15-cv-2410 BAS NLS, pending in the United States District Court for the Southern District of California.

"**Class Counsel**" means law firm of SEMNAR & HARTMAN, LLP.

"**Class Member**" means a member of the Class who has not submitted a valid Request for Exclusion from the settlement.

"**Class Notice**" means the notice of the proposed settlement to be provided to Class Members ("Exhibit 1" hereto).

"**Class Period**" means the period of time from October 26, 2014, to the date of final execution of the Settlement Agreement.

"**Class Representative/Named Plaintiff**" means MARY CAPPS

"**Court**" means the United States District Court for the SOUTHERN DISTRICT OF CALIFORNIA.

"**Defendants' Counsel**" means the law firms of KLINEDINST PC and KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD.

"**Effective Date**" means the date upon which the Settlement Agreement shall become effective and is after the time period during which any appeal, petition for hearing or writ of certiori has expired for the final approval of the Settlement Agreement.

"**Fairness/Final Approval Hearing**" means the hearing at which the Court will make a final determination as to whether the terms of the Settlement Agreement are fair, reasonable and adequate, and whether the settlement should be finally approved by the Court.

"**Final Approval Order**" means the order entered by the Court after the Fairness Hearing approving the Settlement.

"**Objection Deadline**" means the date identified in the Preliminary Approval Order and Class Notice by which a Class Member must file or serve written objections, if any, to the Settlement in accordance with Section 10 of the Settlement Agreement.

"**Opt-out / Exclusion Deadline**" means the date identified in the Preliminary Approval Order and Class Notice by which a Class Member must serve written requests for exclusion, if any, to the Settlement in accordance with Section 9 of the Settlement Agreement.

"**Preliminary Approval Order**" means the proposed order preliminarily approving the Settlement and directing notice to the Class.

"**Released Claims**" means the claims against the Defendants that Plaintiff and the Class Members shall release consisting of all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred) and punitive damages, of any nature whatsoever, known or unknown, which either the Plaintiff or any Class Members have, or may have had, against the Defendants, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions flowing from the conduct alleged in the Complaint and related to or arising from the Class Action and any claims under federal, state or local law, rule or regulation.

"**Released Parties**" means Defendants, together with each of their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors or anyone acting on their behalf.

**"Releasing Persons"** means Named Plaintiff, all Class Members who do not properly or timely opt out of the Settlement and their respective family members, heirs, administrators, successors and assigns.

**"Request for Exclusion"** means a request by a Class Member to be excluded from the class that meets all of the requirements for exclusion as set out in this Settlement Agreement, the Class Notice and as ordered by the Court.

**"Settlement"** means the settlement contemplated by this Stipulation.

**"Settlement Administrator"** means FIRST CLASS, INC.

**"Settlement Agreement"** means this Stipulation of Class Action Settlement Agreement, including any permitted and executed amendments and exhibits hereto.

**"Settlement Fund"** means the Settlement amount of $11,606.16 which Defendants will distribute under the terms of this Settlement Agreement in accordance with Section 6 below.

2.   Purpose of Settlement Agreement. This Settlement Agreement is entered into among the undersigned to compromise and settle all claims that have been or could have been asserted against the Defendants by the Class Representative or the Class Members arising out of or related to any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action.

3.   Submission of the Settlement to the Court for Approval. The undersigned agree to recommend to the Court to approve the Settlement as being fair, reasonable and adequate. In that regard, the Parties agree that, as soon as practicable after execution of the Settlement Agreement, the Parties shall submit the Settlement Agreement, together with its exhibits, to the Court and shall apply for entry of a Preliminary Approval Order (Exhibit 2 hereto), preliminarily approving the proposed Settlement, conditionally certifying the Class, and setting a date for a final approval hearing for the Class Settlement. The Order shall provide for notice of the Settlement and related matters to be sent to putative Class Members as specified herein.

4.   Class Certification. For the purposes of this Settlement only, the Parties agree to conditionally certify the Class as defined above.  The Parties intend for all deadlines to be stayed pending final approval of the Class Settlement by the Court. If the Court does not issue an Order providing final approval of the Settlement Agreement, the Parties will return to respective positions as of July 13, 2016.

5.   Attorneys' Fees and Costs. After the Settlement Amount had been negotiated between the Parties, the Parties have negotiated and stipulated to Class Counsel receiving an award of attorneys' fees and costs in the amount of $39,000 total, to be paid 30 days after final approval of the Class Settlement. This amount was negotiated in an arms-length transaction after the parties had reached a resolution as to the claims and the settlement amount for the class, and is separate and distinct from the funds allotted to the class recovery.  Class Counsel will make its application for fees and costs concurrently with the submission of the Motion for Final Approval of the Class Settlement. These funds shall be paid to compensate Class Counsel for fees and expenses incurred in connection with the litigation.

6.   Distribution of Settlement Funds to Class Members. All Class Members who have not opted out of the class  within 60 days of the initial mailing of Class Notice will be sent a check containing their pro rata distribution of the $11,606.16 ($66.70) Settlement Fund, without having to make a claim.

Payment of the Settlement Funds will be made by the Settlement Administrator after funding by Defendants.  Defendants will make payment of the Settlement Funds after the time to appeal the Final Approval Order has passed.

      7.    <u>Settlement Administrator</u>. The Settlement Administrator shall be responsible for disseminating class notice, distributing settlement awards, and managing class member data, including preparation of an affidavit attesting that Class Notice was sent pursuant to the Court's Order and indicating the number of persons who requested to be excluded from the Class.  The Settlement Administrator shall be paid a fee not to exceed $4,000 to perform all responsibilities as set forth in the Settlement Agreement.

      8.    <u>Notice to Class Members</u>. Within ten (10) business days following the filing of the Order Granting Conditional Class Certification and Preliminary Approval of the Class Settlement Preliminary Approval, Defendants shall provide the Class Administrator with a list of putative class members.  The Class Administrator shall send each Class Member by First Class U.S. mail a Notice as approved by the Court informing the class of the terms of the settlement, their right to receive their proportional share of the Settlement, their right to request exclusion, their right to comment upon or object to the settlement, their right to appear in person or by counsel at the final approval and fairness hearing and be heard regarding approval of the Settlement, and their right to object to Class Counsel's request for attorneys' fees and costs.  Adequate periods of time will be provided for each of these procedures. A copy of the proposed Notice is attached hereto as Exhibit 1.

      9.    <u>Requests for Exclusion from the Settlement</u>. Any putative class member may opt out of the Class by submitting a written Request for Exclusion with the Settlement Administrator at the address set out in the Class Notice. To be timely, a Request for Exclusion must be postmarked no later than 60 days after Class Notice was initially sent by First Class U.S. mail. Requests for Exclusion must state the person's full name, address and telephone number; include a statement that the person wishes to be excluded from the Settlement; and the case name and case number. Every Class Member who does not timely and properly submit a Request for Exclusion from the Class shall be bound by all proceedings, orders and judgments in the Class Action. All Class Members agree that satisfaction of all the Released Claims against Defendants, as well as entry of the Final Approval Order, shall be binding upon all Class Members.

      10.    <u>Objections to the Settlement</u>. Any Class Member, who has not requested exclusion, may object to the proposed Settlement Agreement by submitting a written statement to the Settlement Administrator. To be timely, all written objections must be postmarked no later than 60 days after Class Notice was initially sent by First Class U.S. Mail. A written objection must state the objecting Class Member's full name, address and telephone number and that of his counsel, if any; all objections and any evidence the objecting Class Member wishes to introduce in support of the objections; proof of membership in the Class; a statement as to whether the Class Member intends to appear at the final fairness hearing, either individually or through his counsel; the Class Member's signature; and the case name and case number. Any Class Member who fails to comply with the provisions of this Section shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Class Action.

      11.    <u>Cy Pres Award</u>. Any remaining funds are to be distributed to the Voluntary Legal Services Program of Northern California, 501 12th Street, Sacramento, CA 95814.  Voluntary Legal Services Program of Northern California provides services to low income clients with legal problems associated with the collection of debts.

12.     No Admission of Wrongdoing. This Settlement Agreement shall not be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing or damage whatsoever. Defendants expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action; and Defendants continue to believe the claims asserted against them in the Class Action are without merit. Plaintiff acknowledges that Defendants deny all wrongdoing alleged in the Class Action, and further acknowledges that Defendants are not admitting, and are specifically denying, any and all liability by and through this agreed settlement and compromise of claims and defenses.  Notwithstanding these denials, Defendants have concluded that continuing to litigate the Class Action would be protracted and expensive and that, in light of its cost, risk and uncertainty, it is desirable that the claims on behalf of Plaintiff and the Class be fully and finally released as set forth in this Settlement Agreement.

13.     Defendants deny Plaintiff's allegations in the Class Action.

14.     Releases. Upon the Effective Date, as defined in Section 1, the Class Representative and all Class Members on behalf of themselves and their assigns, agents, representatives, attorneys, heirs, executors, administrators, beneficiaries and privies, release Defendants and their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors or anyone acting on their behalf from any and all causes of action, claims, rights, actual damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues, that any the Plaintiff and the Class Members have or could have made against Defendants in this Class Action, for any claims under federal, state or local law, rule or regulation, flowing from the conduct alleged in the Complaint. The Parties specifically waive the benefit of the provisions of Civil Code section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties understand the meaning of Civil Code section 1542, and have had the opportunity to receive independent legal advice with respect to the advisability of making the Settlement provided for herein, with respect to the advisability of executing this Settlement Agreement, and with respect to the meaning of Civil Code section 1542. The Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Persons expressly assume the risk, they freely and voluntarily give the release as set forth above.

15.     Termination. This Settlement Agreement is entered into only for purposes of settlement. If the Court fails to finally approve the Settlement Agreement (or any part thereof) or the Final Approval Order or Judgment is not entered for any reason, the Settlement Agreement will be null and void and the Parties will return to their respective positions as if this Settlement Agreement was never negotiated, drafted or executed.

16.     Entire Agreement. The recitals set forth at the beginning of this Settlement Agreement are incorporated by reference and made a part of this Settlement Agreement. This Settlement Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

Furthermore, no modification of this Settlement Agreement shall be binding unless in writing and signed by each of the parties hereto, and approved by the Court.

17. Interpretation. Should any court declare or determine any provision of this Settlement Agreement to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement. The headings within this Settlement Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, since all parties and their counsel participated in the drafting of this Settlement Agreement and it is a result of lengthy, intensive arm's-length negotiations, the presumption that ambiguities shall be construed against the drafter does not apply. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions.

18. Governing Law and Choice of Forum. This Settlement Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of California, without regard to the principles of conflicts of laws. Any action to enforce this Settlement Agreement shall be brought only in the United States District Court for the Southern District of California, or the Superior Court for the County of San Diego if subject matter jurisdiction should be lacking for the U.S. District Court to preside over such an action.

19. Continuing Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Class Representative and all Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

20. Counterparts. This Settlement Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS HEREOF, the Parties hereby execute and cause this Settlement Agreement to be executed, by their duly authorized representatives, as of the date(s) indicated on the lines below.

Date: 10/7/14

_____
MARY CAPPS

Date: _____

for LA / OFFICES OF PETER W. SINGER
Name: 'eter W. Singer
Title: S le Proprietor

Date: _____

for MC ` GROUP, INC.
Name: 'hris Bulpitt
Title: _ _____

1479265.1 14815-004

Furthermore, no modification of this Settlement Agreement shall be binding unless in writing and signed by each of the parties hereto, and approved by the Court.

17.    Interpretation. Should any court declare or determine any provision of this Settlement Agreement to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement. The headings within this Settlement Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, since all parties and their counsel participated in the drafting of this Settlement Agreement and it is a result of lengthy, intensive arm's-length negotiations, the presumption that ambiguities shall be construed against the drafter does not apply. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions.

18.    Governing Law and Choice of Forum. This Settlement Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of California, without regard to the principles of conflicts of laws. Any action to enforce this Settlement Agreement shall be brought only in the United States District Court for the Southern District of California, or the Superior Court for the County of San Diego if subject matter jurisdiction should be lacking for the U.S. District Court to preside over such an action.

19.    Continuing Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Class Representative and all Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

20.    Counterparts. This Settlement Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS HEREOF, the Parties hereby execute and cause this Settlement Agreement to be executed, by their duly authorized representatives, as of the date(s) indicated on the lines below.

Date: _____          _____
                                        MARY CAPPS

Date: _____*OCT. 13, 2016*_____          _____
                                        for LAW OFFICES OF PETER W. SINGER
                                        Name: Peter W. Singer
                                        Title: Sole Proprietor

Date: _____          _____
                                        for MCT GROUP, INC.
                                        Name: Chris Bulpitt
                                        Title: _____

Furthermore, no modification of this Settlement Agreement shall be binding unless in writing and signed by each of the parties hereto, and approved by the Court.

17.    Interpretation. Should any court declare or determine any provision of this Settlement Agreement to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement. The headings within this Settlement Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, since all parties and their counsel participated in the drafting of this Settlement Agreement and it is a result of lengthy, intensive arm's-length negotiations, the presumption that ambiguities shall be construed against the drafter does not apply. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions.

18.    Governing Law and Choice of Forum. This Settlement Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of California, without regard to the principles of conflicts of laws. Any action to enforce this Settlement Agreement shall be brought only in the United States District Court for the Southern District of California, or the Superior Court for the County of San Diego if subject matter jurisdiction should be lacking for the U.S. District Court to preside over such an action.

19.    Continuing Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Class Representative and all Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

20.    Counterparts. This Settlement Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS HEREOF, the Parties hereby execute and cause this Settlement Agreement to be executed, by their duly authorized representatives, as of the date(s) indicated on the lines below.

Date: _____

_____
MARY CAPPS


Date: _____

_____
for LAW OFFICES OF PETER W. SINGER
Name: Peter W. Singer
Title: Sole Proprietor


Date: 10/6/16 _____

_____
for MCT GROUP, INC.
Name: Chris Bulpitt
Title: Vice-President

1479265.1 14815-004

Approved as to Form

Date: _____10-7-16_____

SEMNAR & HARTMAN, LLP

*Jared Hartman*
Jared Hartman
Attorneys for Plaintiff


Date: _____

KLINEDINST P.C.

_____
Lindsey N. Casillas
Attorneys for Defendant LAW OFFICES OF
PETER W. SINGER


Date: __10/7/16_____

KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD

*June D Coleman*
June Coleman
Attorneys for Defendant MCT GROUP, INC.

1479265.1 14815-004

Approved as to Form

Date: _____

SEMNAR & HARTMAN, LLP

_____
Jared Hartman
Attorneys for Plaintiff

Date: 10/17/16

KLINEDINST P.C.

_Lindsey N. Casillas_

Lindsey N. Casillas
Attorneys for Defendant LAW OFFICES OF
PETER W. SINGER

Date: _____

KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD

_____
June Coleman
Attorneys for Defendant MCT GROUP, INC.

SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN) 254860
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, California 92081
Telephone: (619)500-4187
Fax: (888) 819-8230

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CAPPS, individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>LAW OFFICES OF PETER W. SINGER AND MCT GROUP, INC.,<br><br>       Defendants. | Case No.  3:15-cv-2410 BAS NLS<br><br>**DECLARATION OF BAILEY HUGHES FOR SETTLEMENT ADMINISTRATOR FIRST CLASS, INC. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS SETTLEMENT**<br><br>Courtroom:    4B<br>Judge:         Cynthia Bashant<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: October 26, 2015<br>Trial Date:     None set |

I, BAILEY HUGHES, declare:

    1.    I am a Case Manager at First Class, Inc. I am over 21 years of age and am authorized to make this declaration on behalf of First Class, Inc. and myself.

    2.    First Class, Inc. was retained by the parties to serve as the Claims Administrator to, among other tasks, mail the Notice of Proposed Class Action Settlement (the "Class Notice"); to respond to Class Member inquiries; and perform other duties as specified in the Settlement Agreement preliminarily approved by this Court on November 21, 2016.

    3.    On December 8, 2016, Klinedinst PC provided First Class, Inc. with a list of 173 persons identified as the Class Member List, i.e. all persons in

1

DECLARATION OF BAILEY HUGHES FOR SETTLEMENT ADMINISTRATOR FIRST CLASS, INC. IN
SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS SETTLEMENT
3:15-cv-2410 BAS NLS

California who, within the period from October 26, 2014 through October 7, 2016 (the "Class Period"), had received a letter containing the language specified in the Settlement Agreement excluding (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset. First Class, Inc. entered the Class Member List information into its proprietary database and prepared a data file for the initial mailing.

4.     Prior to mailing, First Class, Inc. followed its standard practice of processing the list through the Coding Accuracy Support System (CASS) and the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows First Class, Inc. to verify the address is correctly formatted for delivery and corrects zip codes. NCOA Move Update provides current address information, if available, and information regarding deliverability.

5.     On December 15, 2016, First Class mailed the Class Notice by First Class mail, postage prepaid, with Forwarding Service Requested to each of the 173 Class Members on the Class Member List. A true and correct copy of the Class Notice that was mailed is attached hereto as Exhibit 1.

6.     As of February 11, 2017, a total of 11 notices were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

7.     The deadline for Class Members to request to be excluded from or object to the class was a postmarked deadline of February 13, 2017. As of the date of this declaration, First Class, Inc. has not received any requests for exclusion or

2

any objections. First Class, Inc. will submit a supplemental declaration should any exclusions or objections be received before the Final Approval Hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of February 2017, in Chicago, Illinois.

Bailey Hughes

# EXHIBIT 1

# NOTICE TO CLASS MEMBERS

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MARY CAPPS, individually and on behalf of others similarly situated,

       Plaintiff,

v.

LAW OFFICES OF PETER W. SINGER AND MCT GROUP, INC.,

       Defendants.

Case No. **3:15-cv-2410 BAS NLS**

**NOTICE OF PENDENCY OF CLASS ACTION PROPOSED SETTLEMENT AND HEARING DATE FOR COURT APPROVAL**

**PLEASE READ THIS NOTICE CAREFULLY, AS IT MAY AFFECT YOUR RIGHTS.**
**THIS IS <u>NOT</u> A LAWSUIT <u>AGAINST YOU</u>.**
**A COURT AUTHORIZED THIS NOTICE**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**

The Court in charge of this lawsuit still has to decide whether to approve the settlement. Payments will only be made if the settlement is approved.

### WHAT THIS LAWSUIT IS ABOUT

Plaintiff, Mary Capps, brought this class action against Defendants, the Law Offices of Peter W. Singer and MCT Group, Inc. ("Settlement Defendants") to recover damages for alleged violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. and the Rosenthal Act ("Rosenthal"), Cal. Civ. Code §1788 et seq.

<u>Settlement Defendants deny any wrongdoing in this case.</u> However, the parties have negotiated a proposed settlement.

### THE CLASS

You have received this notice because, according to the records of the Settlement Defendants, you appear to be a member of the Class. There are 174 Class Members. The Settlement Class is defined as all consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc.in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes and such letter was sent between October 26, 2014, and the date of final execution of the Settlement Agreement, and such letter contained the following language or language substantially similar:

*If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment. If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over. I urge you to contact my client directly at 800-622-2242.*

*Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you. This office will mail you a copy of such verification or judgment. If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.*

Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset.

## THE PROPOSED SETTLEMENT

The attorney for the Class believes that this settlement is fair, reasonable, and adequate, and in the best interests of the class members. The terms of the settlement are:

**Relief to the Class.** Each Class Member who does not opt-out or exclude himself or herself from the settlement shall receive a check in the sum of $66.70 ("Settlement Check") approximately sixty days from the date of Final Approval by the Court. To the extent that there are any funds from un-cashed or expired Settlement Checks, an amount equal to the amount of such checks will be paid over as a cy pres award to the Voluntary Legal Services Program who provides assistance to consumers with legal problems associated with the collection of debts.

**Release.** If the terms of this Class Settlement are approved by the Court, and you do not opt out, you release Defendants the Law Offices of Peter W. Singer and MCT Group, Inc. as well as their past and present parents, affiliates, subsidiaries, successors, assignees, and its present and former directors, officers, employees or agents, attorneys and insurers, from the claims made in this lawsuit.

**Litigation Expense.** Subject to Court approval, Settlement Defendants shall pay Class Counsel reasonable attorney's fees and costs in the negotiated and stipulated amount of $39,000. Settlement Defendants shall also pay all costs associated with class administration.

## YOUR RIGHTS & HOW TO CLAIM YOUR SHARE

**How To Claim Your Share of the Class Fund:** If you wish to claim your share of the class fund, do nothing. If you do not opt out by the deadline provided below, you will receive a check in the amount of $66.70.

**How to Be Excluded From the Class:** If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class, and therefore from the Settlement. To exclude yourself, you must notify First Class, Inc./J13376-Capps, 5410 W. Roosevelt Rd, Ste 222, Chicago IL 60644-1490 in writing stating that you wish to be excluded from the Class, and also mail a copy to class counsel as identified below, both of which must be postmarked and mailed no later than **February 13, 2017, specifically stating you want to be excluded from the class settlement**. Be sure to include your name, address, telephone number, your signature, and a statement that you wish to be excluded from the Class. You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any Settlement compensation, and you cannot object to the Settlement. You also will not be legally bound by anything that happens in the Lawsuit.

**Right to Object to the Terms of Settlement.** If you do not request to be excluded from the class and the settlement, you can object to the settlement. If you want to object, you must put your objection in writing, state why you are objecting, include your full name, address and telephone number, and also include the name of the case and the case number which appears at the beginning of this Notice. Then mail by First Class U.S. Mail your written objection to First Class, Inc./J13376- Capps, 5410 W. Roosevelt Rd, Ste 222, Chicago IL 60644-1490 and to class counsel at the address below. The objection must be postmarked and mailed no later than **February 13, 2017**.

## FURTHER COURT PROCEEDINGS

A Final Fairness Hearing will be held before the Honorable Cynthia Bashant on March 13, 2017, at 10:30 a.m. in the, U.S. District Court for the Southern District of California, Courtroom 4B, Suite 4145, 221 West Broadway, San Diego, CA 92101. At the hearing, the Court will decide whether the proposed settlement is reasonable, adequate and fair. If the Court approves it, the settlement will be completed and the distributions paid as stated above. Class members who have filed an objection should appear at the hearing to explain their position. **You need not appear in order to receive your share of the class funds.**

## CORRECT ADDRESS

If this Notice was forwarded to you by the Postal Service, or if it was otherwise sent to you at an address that is not current, you should send a letter immediately to the Settlement Administrator: First Class, Inc./J13376-Capps, 5410 W. Roosevelt Rd, Ste 222, Chicago IL 60644-1490

## ADDITIONAL INFORMATION

If you would like more information about this notice or this litigation, you may write class counsel at Semnar & Hartman, LLP, 400 S. Melrose Dr., Suite 209 Vista, CA 92801 or call (951) 293-4187, or the claims administrator at First Class, Inc./J13376-Capps, 5410 W. Roosevelt Rd, Ste 222, Chicago, IL 60644-1490. You may also contact counsel for the Law Offices of Peter Singer at Klinedinst, PC, 801 K Street, Suite 2100, Sacramento, CA 95814. The pleadings and all other records of this litigation may be examined and copied any time during regular office hours in the office of the Clerk at the above listed address. **Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**

1

## PROOF OF SERVICE

2

Capps v. Law Offices of Peter W. Singer, et al.

**Case No.:** 3:15-cv-02410

3

4

I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is 400 South Melrose Drive, Suite 209, Vista, California 92081. On the date provided below, I served the foregoing document described below on the interested parties in this action by placing same in a sealed envelope.

5

6

**NOTICE OF MOTION AND MEMO OF POINTS & AUTHORITIES FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; DECLARATION OF COUNSEL BABAK SEMNAR; DECLARATION OF BAILEY HUGHES; PROPOSED ORDER** was served on:

7

8

9

| June D. Coleman | Lindsey Nicole Heaton |
|---|---|
| Kronick, Moskovitz, Tiedemann & Girard | Klinedinst PC |
| 400 Capitol Mall | 801 K Street |
| 27th Floor | Suite 2100 |
| Sacramento, CA 95814 | Sacramento, CA 95814 |
| Attorneys for Defendant MCT GROUP, INC. | Attorneys for Defendant Law Offices of Peter W. Singer |

10

11

12

13

☐ **(BY MAIL)** – I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Vista, California.

14

15

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Vista, California, in the ordinary course of business. I am fully aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

16

17

18

☐ **(BY FACSIMILE)** – I caused the above described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated above and the activity report(s) generated by facsimile number (888) 819-8230 indicating on all pages that they were transmitted.

19

20

☐ **(BY PERSONAL SERVICE)** – I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

21

22

☐ **(STATE)** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

☒ **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. **Via Electronic Service**: The above-described documents will be delivered electronically through the court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

24

25

26

Dated: 2-13-17

*/s/ Jared M. Hartman*
Jared M. Hartman, Esq.

27

28

1
**PROOF OF SERVICE**