**Semnar & Hartman, LLP**
Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman (SBN 254860)
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorney for Plaintiff, MARY CAPPS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Capps individually and on behalf of others similarly situated | Case No.: 3:15-cv-02410-BAS-NLS |
| Plaintiffs, | [CLASS ACTION] |
| v. | **NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $39,000.00, PURSUANT TO 15 U.S.C. § 1692k (a)(3), CALIF. CIV. CODE § 1788.30(c)** |
| Law Offices of Peter W. Singer and MCT Group, Inc., | |
| Defendants. | *The Honorable Cynthia Bashant* |
| | DATE: March 13, 2017 TIME: 10:30 a.m. Loc.: Courtroom 4B 221 W. Broadway San Diego, CA 92101 |

TO THE HONORABLE U.S. DISTRICT COURT JUDGE, THE CLERK OF COURT, ALL PARTIES OF RECORD AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT, on March 13, 2017, at 10:30 a.m., or as soon thereafter as this matter may be heard, at 221 West Broadway, Courtroom 4B, San Diego, CA 92101, Plaintiff will, and hereby does, move for an award of attorney's fees and costs in the amount of $39,000.00.  Plaintiff requests the Court to award such fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Calif. Civ. Code § 1788.30(c), as stipulated by the Parties.

Dated:          February 13, 2017          SEMNAR & HARTMAN, LLP

                                           By: */s/ Jared M. Hartman*
                                           Jared M. Hartman, Esq.
                                           Attorneys for Plaintiff

Dated:          February 13, 2017          SEMNAR & HARTMAN, LLP

                                           By: */s/ Babak Semnar*
                                           Babak Semnar, Esq.
                                           Attorneys for Plaintiff

**NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES**

# I. BACKGROUND AND PROCEDURAL HISTORY

On October 17, 2016, Plaintiff MARY CAPPS("Plaintiff") filed an unopposed Motion for preliminary approval of class settlement, based upon a settlement agreement entered into with Defendants LAW OFFICES OF PETER W. SINGER and MCT GROUP, INC. ("Defendants"), based upon alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the California Fair Debt Buyer Practices Act, Cal. Civ. Code section 1788, *et seq.,* ("Rosenthal Act").  *See* Dckt. #26.

On November 21, 2016, the Court granted the unopposed Motion for preliminary approval.  In the Court's order, the Court set a Final Fairness hearing for March 13, 2017 at 10:30 a.m., and further ordered that any motion in support of Plaintiff's attorneys' fees and costs must be filed no later than February 13, 2017.  *See* Dckt. #27.

Plaintiff's counsel now files the instant Motion in support of Plaintiff's request for attorneys' fees and costs in the amount of $39,000.00.  Plaintiff's counsel Jared M. Hartman requests the Court to find his requested hourly rate of $369.00 as reasonable, and Plaintiff's counsel Babak Semnar requests the Court to find his requested hourly rate of $430.00 as reasonable.

The settlement agreement attached as **Exhibit 1** to the Declaration of Semnar filed in support of Plaintiff's Motion for Final Approval (*see* Dckt. #28) reflects that all Parties have stipulated and agreed that Plaintiff's counsel is to be awarded a flat-fee amount of $39,000.00 for all costs and fees.  The costs and fees are awardable pursuant to 15 U.S.C. § 1692k(a)(3) and Calif. Civ. Code § 1788.30(c).

# II. LEGAL STANDARD

The FDCPA at 15 U.S.C. § 1692k(a)(3) states, in relevant part: "Any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person… [for] the costs of the action, together with a reasonable attorney's fee as determined by the court."

Additionally, Calif. Civ. Code § 1788.30(c) of the Rosenthal Act states, in relevant part, "In the case of any successful action to enforce liability under this section, the court shall award costs of the action, together with reasonable attorney's fees as determined by the court."

"Once a party has established that he is entitled to attorneys' fees, '[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Increases or decreases are warranted in rare or exceptional cases. *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984); *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994).

As the Supreme Court recently reiterated in *Perdue v Kenny A.,* 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (20 1 0), the amount of a reasonable fee will, absent extraordinary circumstances, be the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (i.e., the "Lodestar Method"). The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. Indeed, in *Perdue,* the Supreme Court reiterated that the Lodestar method is the "guiding light of our fee-shifting jurisprudence," noting that it was "readily administrable" and "objective," and that "there is a 'strong presumption' that the lodestar figure is reasonable." *Id* at 1672-3; *Hensley* v *Eckerhart,* 461 U.S. 424, 433; 13 S.Ct. 1933, 1939; 76 L.Ed.2d 40 (1983).

It is undisputed in this case that Plaintiff's counsel is to be paid $39,000.00 in attorneys' fees and costs as the prevailing party in this action, because Defendants have unequivocally agreed to such an award within the settlement agreement attached as Exhibit 1 to the Motion for preliminary approval of class settlement.

As such, Plaintiff is therefore entitled to such attorney's fees and costs. *Graziano* v *Harrison,* 950 F .2d 107, 113 (3rd Cir 1991); see *DeJesus* v. *Banco Popular de Puerto Rico,* 918 F.2d 232, 235 (1st Cir. 1990).

///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   CONGRESS INTENDED TO ENCOURAGE PRIVATE ENFORCEMENT OF THE CONSUMER PROTECTIONS STATUTES AT PLAY IN THIS MATTER

The Ninth Circuit has held that "Congress clearly intended that private enforcement action would be the primary enforcement tool of the [FDCPA]." *Baker v G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Thus, Congress encouraged private enforcement by providing that attorney's fees must be awarded to the successful consumer. 15 U.S.C. § 1692k(a)(3). The provision for attorney's fees encourages defendants to comply with the law, while providing consumers an incentive and the financial ability to bring suits:

> Because private litigation is as a supplement, rather than as an alternative to public enforcement of the [Truth in Lending] Act, its encouragement through attorneys' fees and damages cannot help but affect a fuller compliance with the Act.

*Postow v. Oriental Bldg Ass'n,* 455 F. Supp. 781, 785-786 (1978).

"In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases … Paying counsel in FDCPA cases at rates lower than those they could obtain in the marketplace is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F. 3d 645, 652-653 (7th Cir. 1995).  A fee award should permit counsel "to earn an income that would be competitive with colleagues who get paid when or lose." *Bayless v. Iris Leopold Imports, Inc.*, 659 F. Supp. 942 (D. Ore. 1987).

In *Camacho v. Bridgeport Financial, Inc.*, the Ninth Circuit found it was an abuse of discretion to award a prevailing FDCPA plaintiff a flat fee as opposed to a lodestar calculation.  The Ninth Circuit thusly stated, "The FDCPA's statutory language makes an award of fees mandatory.  The reason for mandatory fees is that Congress chose a

'private attorney general' approach to assume enforcement of the FDCPA. 523 F. 3d 973, 978 (9th Cir. 2008).

"Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id*. The Court held similarly in *Camacho* when it rejected the district court's "flat fee" approach, and in its remand for further findings directed that "the amount of [attorney's fees] must be determined on the facts of each case". *Id*. at 978.

Additionally, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims."[1] By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights. A different result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance.[2] This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees "is to encourage consumers to file actions to vindicate their rights."[3] As a result, public policy dictates that Plaintiff's attorneys' fees and costs be paid by Defendants both.

Because the FDCPA and FDBPA are both consumer protection statutes, remedial in nature for the protection of consumers from abusive conduct by corporations that outmatch them, these same principals apply to the attorneys' fee provisions therein.

---

[1] *Majcher v. Laurel Motors Co.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); see also *Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978).

[2] "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

[3] *Grove v. Huffman*, 262 Ill. App. 3d 531, 539, 634 N.E. 2d 1184, 1190 (1994).

NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES

## IV. PLAINTIFF'S COUNSELS' REQUESTED HOURLY RATES ARE REASONABLE, AND ARE LESS THAN THE PREVAILING MARKET RATES

The District Courts in California generally consider the Consumer Law Fee Survey Report as evidence of prevailing hourly rates in FDCPA and RFDCPA cases. *See Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1299 (E.D. Cal. 2014) (citing district court cases that have relied on the report); *Nguyen v. HOVG, LLC,* 2015 U.S. Dist. LEXIS 124019, *5 (S.D. Cal. Sept. 15, 2015); *Gutierrez v. Herbert P. Sears Co, Inc., et al.*, 3:15-cv-332 DMS (NLS), Dckt. #52 (Jan. 12, 2016).

Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits. *Barjon* v. *Dalton,* 132 F.3d 496, 500 (9th Cir.1997). While "[w]e ... recognize that determining an appropriate 'market rate' for the services of a lawyer is inherently difficult," *Blum* v. *Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon,* 132 F.3d at 502 (internal quotation marks omitted).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence- in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541.

In 2013-2014, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm."[4]  The relevant pages of this Survey shows the average billing rate for attorneys in California in general with 6-10 years of experience is $394.00 and attorneys with 11-15 years of experience is

---

[4] *See* 2015 United States Consumer Law Attorney Fee Survey attached to the Decl. of Jared M. Hartman as Exhibit A.

**NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES**

$433.00.  While San Diego, California in particular is not reflected in this survey, the rates for Los Angeles, California for attorneys with the same experience is $370.00 and $588.00, respectively.

## V. AFFIDAVITS OF PLAINTIFF'S ATTORNEYS

Furthermore, "[a]ffidavits of the plaintiffs' attorney[s'] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am.* v. *Phelps Dodge Corp.,* 896 F.2d 403,407 (9th Cir. 1990). *See also Camacho* v. *Bridgeport Financial, Inc.,* 523 F.3d 973, 979-80 (9th Cir. 2008); *Glendora Community Redevelopment Agency v. Demeter*, (1984) 155 Cal.App.3d 465, 470-471, 478, ("Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"); *Margolin v. Regional Planning Com.*, (1982) 134 Cal.App.3d 999, 1006 [185 Cal.Rptr. 145].)" *Martino v. Denevi*, 182 Cal.App.3d 553, 559 (1986).

Mr. Hartman's hourly rate of $369.00 is less than the prevailing market rates of $394.00 and $370.00 as found in the U.S. Consumer Law Attorney Fee Survey for attorneys with 9 years of experience.  Mr. Hartman has previously been awarded reasonably hourly rates of $349.00 by the Southern District of California in the case of *Gutierrez v. Herbert P. Sears Co, Inc., et al.*, 3:15-cv-332 DMS (NLS), Dckt. #52 (Jan. 12, 2016); by the Central District of California in the case of *Baeza v. Assisted Credit Services, Inc., et al.*, 8:15-cv-01451-ODW-JCG, Dckt. #42 (July 19, 2016); by the Central District of California in *Black v. Mountain Lion Acquisitions, Inc.*, 8:16-cv-01319-JLS-DFM, Dckt. #23 (Oct. 18, 2016); and by the Northern District of California in *Klein v. Law Offices of D. Scott Carruthers, et al.*, 3:15-cv-00490-CRB, Dckt. #27 (June 10, 2015).

Mr. Hartman has completed a total of 32 jury trials to verdict to date since being sworn in to practice in the State of California in January 2008, received his *Ll.M.* from the University of San Diego School of Law May 2007, and has filed and litigated a

substantial number of civil litigation cases in the area of consumer law since approximately March of 2013—including, but not limited to, the areas of Federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, Fair Debt Buyer Practices Act, Federal Fair Credit Reporting Act, California Consumer Credit Reporting Agencies Act, and Telephone Consumer Protection Act.

In this matter, Mr. Hartman has spent a total of 76.5 hours at the requested hourly rate of $369.00 per hour, for a total of $28,228.50.

Mr. Semnar's requested hourly rate of $430.00 is less than the prevailing market rates of $433.00 and $588.00 as found in the U.S. Consumer Law Attorney Fee Survey. Mr. Semnar has previously been awarded a reasonable hourly rate of $425.00 was found as reasonable by the Southern District of California in the case of *Gutierrez v. Herbert P. Sears Co, Inc., et al.*, 3:15-cv-332 DMS (NLS), Dckt. #52 (Jan. 12, 2016), and by the Central District of California in *Black v. Mountain Lion Acquisitions, Inc.*, 8:16-cv-01319-JLS-DFM, Dckt. #23 (Oct. 18, 2016).

Mr. Semnar has completed a total of 34 trials to verdict to date since being sworn in to practice in the State of California in June 2003, graduated from the Gerry Spence Trial Lawyers' College in 2005, and has filed and litigated a substantial number of civil litigation cases in the area of consumer law since approximately March of 2013— including, but not limited to, the areas of Federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, Fair Debt Buyer Practices Act, Federal Fair Credit Reporting Act, California Consumer Credit Reporting Agencies Act, and Telephone Consumer Protection Act.

Mr. Semnar has spent a total of 32.1 hours in this matter at the requested hourly rate of $430.00 per hour, for a total of $13,803.00.  Therefore, the total amount of attorneys' fees incurred are $42,031.50.

Mr. Semnar and Mr. Hartman's firm have spent a total of $928.87 in out of pocket costs.  The total amount of attorneys' fees and costs incurred are $42,960.37.

NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES

As such, Plaintiff is requesting that the Court grant the stipulated amount of $39,000.00 in costs and fees.

## VI.   PROPORTIONALITY BETWEEN ATTORNEYS' FEES AND THE CLASS AWARD IS IRRELEVANT

It must be noted that, while the class award is $11,606.16, the proportionality between the class award and the attorneys' fees is not a factor that can be taken into consideration in determining the reasonableness of the attorneys' fees requested.

This is because the very purpose of the Legislature in providing for fee shifting is to ensure that counsel have an adequate incentive to prosecute meritorious claims even where the amounts at issue might not attract capable counsel through an ordinary percentage contingent fee. *Robertson v. Fleetwood Travel Trailers of California, Inc*., 144 Cal.App.4th 785, 817 (2006) (By providing for fee shifting to prevailing plaintiffs, "our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." [internal quotation omitted]).  Thus, numerous appellate decisions have affirmed fee awards which far outstrip the recovery obtained for the clients, including specifically in the context of the FDCPA and the Rosenthal Act.  *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 987 (2013) (award of $87,500 fees affirmed where client recovered $1.00 for FDCPA and Rosenthal Act violations).  *See also*, *Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001) (noting fee award of $971,000; recovery of $250,000); *Taylor v. Nabors Drilling USA, LP*, 222 Cal.App.4th 1228, 1253 (2014) ($650,000 in fees; $150,000 client recovery); *Harman v. City & Cty. of San Francisco*, 158 Cal.App.4th 407, 419 (2007) ($1,100,000 in fees; $30,300 recovery); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 443 (2000) ($470,000 fee; $37,500 recovery).

Where fees are recovered through fee shifting, this rule applies equally to class action cases – the fee is to be determined by a lodestar calculation and is not limited by the amount recovered for the class.  *Acree v. Gen. Motors Acceptance Corp.*, 92

Cal.App.4th 385, 392 (2001) ($3,630,000 fee award affirmed in a class case; $3,075,000 class recovery).

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to find that Mr. Hartman's requested hourly rate of $369.00 and Mr. Semnar's requested hourly rate of $430.00 are reasonable, and award Plaintiff's counsel fees and costs in the total amount of $39,000.00 pursuant to the stipulation of the Parties in the settlement agreement.

Dated:      February 13, 2017               SEMNAR & HARTMAN, LLP

                                            By */s/ Jared M. Hartman*
                                            Jared M. Hartman, Esq.
                                            Attorneys for Plaintiff

Dated:      February 13, 2017               SEMNAR & HARTMAN, LLP

                                            By */s/ Babak Semnar*
                                            Babak Semnar, Esq.
                                            Attorneys for Plaintiff

**NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES**

1  SEMNAR & HARTMAN, LLP
   BABAK SEMNAR (SBN 224890)
2  bob@sandiegoconsumerattorneys.com
   JARED M. HARTMAN (SBN 254860)
3  jared@sandiegoconsumerattorneys.com
   400 S. Melrose Dr., Suite 209
4  Vista, CA 92081
   Telephone: (951) 293-4187
5  Facsimile: (888) 819-8230

6  Attorneys for Plaintiff, MARY CAPPS

7                    **U.S. DISTRICT COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
8

9
   Mary Capps individually and on behalf     | **Case No.** 3:15-cv-02410-BAS-NLS
10 of others similarly situated
                                             | [CLASS ACTION]
11
12                    Plaintiffs,
13 v.                                        | **DECLARATION OF COUNSEL,**
                                             | **JARED M. HARTMAN, ESQ., IN**
14                                           | **SUPPORT OF MOTION FOR**
   Law Offices of Peter W. Singer and        | **ATTORNEY'S FEES AND COSTS**
15 MCT Group, Inc.,                          | **IN THE AMOUNT OF $39,000.00**
16
                     Defendants.
17

18
19        **DECLARATION OF COUNSEL, JARED M. HARTMAN, ESQ.**
20        I, Jared M. Hartman, Esq., declare under oath as follows:
21        1.    I am an attorney in good standing within the State of California, and am a
22 member in good standing of this Court.
23        2.    The following declaration is of my own personal knowledge, unless
24 otherwise stated, and if called to testify as to its contents I could and would do so
25 competently.
26        3.    In order to prosecute this matter, my firm has incurred a total of $928.87 in
27 costs of prosecution.
28
                                            1

4.     I have expended a total of 76.5 hours at the requested hourly rate of $369.00 per hour, for a total of $28,228.50.

5.     I have previously been awarded an hourly rate of $349.00 per hour by the Southern District of California in the case of *Gutierrez v. Herbert P. Sears Co, Inc., et al.*, 3:15-cv-332 DMS (NLS), Dckt. #52 (Jan. 12, 2016); by the Central District of California in the case of *Baeza v. Assisted Credit Services, Inc., et al.*, 8:15-cv-01451-ODW-JCG, Dckt. #42 (July 19, 2016); by the Central District of California in *Black v. Mountain Lion Acquisitions, Inc.*, 8:16-cv-01319-JLS-DFM, Dckt. #23 (Oct. 18, 2016); and by the Northern District of California in *Klein v. Law Offices of D. Scott Carruthers, et al.*, 3:15-cv-00490-CRB, Dckt. #27 (June 10, 2015).

6.     Since these awards, I have been personally involved in several dozen more consumer rights prosecutions.

7.     I believe my requested hourly rate of $369.00 per hour is reasonable based upon my training and experience, flowing from the following factors:

     a.  I have completed a total of 32 jury trials to date to verdict.

     b.  I received my *Juris Doctorate* from the Cleveland State University, Cleveland-Marshall College of Law in May 2006.

     c.  I received my *Ll.M.* from the University of San Diego School of Law May 2007.

     d.  I have filed and litigated a substantial number of civil litigation cases in the area of consumer law since approximately March of 2013—including, but not limited to, the areas of Federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, Fair Debt Buyer Practices Act, Federal Fair Credit Reporting Act, California Consumer Credit Reporting Agencies Act, and Telephone Consumer Protection Act.

     e.  I have also filed and litigated a substantial number of civil litigation cases in the areas of negligence, intentional infliction of emotional distress,

2

**DECLARATION OF COUNSEL HARTMAN          IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

fraud, and misrepresentation.

f.  In 2013, I attended a two day "boot camp" that focused exclusively on the area of Consumer Law and Debt Collection Harassment.

g.  In November 2014, I attended a four-day National Association of Consumer Advocates conference in Tampa, Florida whereby a substantial portion of the conference focused on credit reporting violations, debt collection harassment, and debt collection practices, similar to the allegations alleged by Plaintiff in the instant case.

h.  In March 2015, I attended a two-day Fair Debt Collection Practices Act conference by the National Consumers Law Center in Washington, D.C., whereby the sole focus on the conference was debt harassment and debt collection issues, such as those issues alleged by Plaintiff in the instant case.

i.  In May 2015, I attended a two-day conference hosted by the National Association of Consumer Advocates on the Fair Credit Reporting Act in Las Vegas, Nevada, whereby the sole focus of the conference was credit reporting procedures and rules, and how they are violated, similar to the allegations brought by Plaintiff in the instant case.

j.  In November 2015, I attended a four-day conference hosted by the National Association of Consumer Advocates in San Antonio, Texas on various aspects of debt collection harassment, credit reporting violations, and debt collection practices, similar to the allegations brought by Plaintiff in this case.

k.  Attached hereto as **Exhibit A** are relevant portions of the 2013-2014 United States Consumer Law Attorney Fee Survey – California Region, which shows that the average hourly rate for an attorney with 6-10 years of experience in the Los Angeles, California region within the arena of

3

**DECLARATION OF COUNSEL HARTMAN          IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Consumer Law is $370.00 per hour and $394.00 per hour for attorneys with similar experience in California in general.   The volume of this entire Survey is unduly burdensome for attachment, and therefore only the portions relevant to the California market have been submitted.  The entire Survey can be provided at the direction of the Court.

8. Attached hereto as **Exhibit B** is a detailed billing invoice in this matter.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct according to the best of my knowledge.

Executed on this 13th day of February 2017, in Vista, California.


_/s/ Jared M. Hartman_
Jared M. Hartman, Esq.
Counsel for Plaintiff

**DECLARATION OF COUNSEL HARTMAN          IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

# EXHIBIT A

SELECTED PAGES OF 2013-2014

CONSUMER LAW FEE SURVEY

# UNITED STATES CONSUMER LAW

# ATTORNEY FEE SURVEY REPORT

# 2013-2014



**Ronald L. Burdge, Esq.**

**United States Consumer Law**
**Attorney Fee Survey Report 2013-2014**

Conducted By

Ronald L. Burdge, Esq.
Burdge Law Office Co. LPA
2299 Miamisburg Centerville Road
Dayton, OH 45459-3817
Voice: 937.432.9500
Fax: 937.432.9503

Email: Ron@TheLawCoach.com

Copyright © 2015 by R.L.Burdge

All rights reserved. This publication contains the results of proprietary research. No part of this book may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, recording, or by any information storage and retrieval system without prior permission in writing from the publisher.

This publication was created to provide you with accurate and authoritative information concerning the subject matter covered. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney or expert. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

Summary Profile of the California Region

This section summarizes key statistics derived from the survey when viewed from the California regional approach. Emphasis here is on the average Consumer Law attorney in the California without regard for any specific survey factor.

The typical California Consumer Law attorney is in a small office of 4 or fewer  practitioners (70.8%, down from last year's 75.7%) and has been practicing law for 14  years (only slightly higher than the 13 years in the last Report). Although 77.4% of survey participants reported that 90% or more of their practice was devoted to Consumer Law, 84.7% reported that Consumer Law represented the largest area of their practice time with the practice supplemented in largest part by Bankruptcy work, continuing a national trend that is now nearly 5 years old.

The average California Consumer Law firm employs 1 paralegal whose median billable hourly rate is $125 (down from the $137 in the last Report). However, 35% of all California paralegals have a billable hourly rate between $140 and $225. The upward shift in billable paralegal rates, which was first observed in the last Report, continues with 10.9% of California paralegals now billing above $174. In this region, 28.5% of Consumer Law firms report they employ no paralegal support at all.

85.9% of all California Consumer Law attorneys (regardless of all other factors) have a billable hourly rate above $325 and the average rate was $439, a decrease from the last Report.

The median California Attorney hourly rate is $425, up from the last Report's $412. The median 25% California Attorney hourly rate (the point at which 25% of all California survey participants reported an hourly rate lower than this number) is $300. The median 75% California Attorney hourly rate is $500. 36.4% of California survey participants reported an hourly rate higher than $475 and 12.41% reported an hourly rate higher than $650.

18.98% of California survey participants reported an hourly rate higher than $500.

17

California Region

| Firm Size | 2.6 |
|---|---|
| Median Years in Practice | 14.0 |
| Concentration of Practice in Consumer Law | 88.0 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy, Other |
| Median Number of Paralegals in Firm | 1.0 |
| Last Time Rate Change Occurred (months) | 16.8 |
| Median Paralegal Rate for All Paralegals | 125 |
| Average Attorney Rate for All Attorneys | 439 |
| 25% Median Attorney Rate for All Attorneys | 300 |
| Median Attorney Rate for All Attorneys | 425 |
| 75% Median Attorney Rate for All Attorneys | 500 |
| 95% Median Attorney Rate for All Attorneys | 700 |

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 216 |
| 1-3 | 253 |
| 3-5 | 312 |
| 6-10 | 394 |
| 11-15 | 433 |
| 16-20 | 468 |
| 21-25 | 565 |
| 26-30 | 511 |
| >31 | 545 |

California

| | |
|---|---|
| Firm Size | 2.6 |
| Median Years in Practice | 14.0 |
| Concentration of Practice in Consumer Law | 88.0 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Median Number of Paralegals in Firm | 1.0 |
| Last Time Rate Change Occurred (months) | 16.8 |
| Median Paralegal Rate for All Paralegals | 125 |
| Average Attorney Rate for All Attorneys | 439 |
| 25% Median Attorney Rate for All Attorneys | 300 |
| Median Attorney Rate for All Attorneys | 425 |
| 75% Median Attorney Rate for All Attorneys | 500 |
| 95% Median Attorney Rate for All Attorneys | 700 |
| Median Metropolitan Attorney Rate | 425 |
| Median Non-Metropolitan Attorney Rate | 450 |
| Median Attorney Rate in Northern Area of State | 475 |
| Median Attorney Rate in Southern Area of State | 400 |
| Median Attorney Rate in Eastern Area of State | 400 |
| Median Attorney Rate in Western Area of State | 425 |
| Median Attorney Rate in Central Area of State | 425 |

Los Angeles, California

| Firm Size | 3.8 |
|---|---|
| Median Years in Practice | 10.5 |
| Concentration of Practice in Consumer Law | 91.5 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | General Practice |
| Last Time Rate Change Occurred (months) | 13.6 |
| Median Number of Paralegals in Firm | 2.8 |
| Average Paralegal Rate for All Paralegals | 111 |
| Median Paralegal Rate for All Paralegals | 125 |
| Average Attorney Rate for All Attorneys | 435 |
| 25% Median Attorney Rate for All Attorneys | 320 |
| Median Attorney Rate for All Attorneys | 450 |
| 75% Median Attorney Rate for All Attorneys | 525 |
| 95% Median Attorney Rate for All Attorneys | 710 |

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 250 |
| 1-3 | 257 |
| 3-5 | 306 |
| 6-10 | 370 |
| 11-15 | 588 |
| 16-20 | 483 |
| 21-25 | 725 |
| 26-30 | 500 |
| >31 | 560 |

# EXHIBIT B

# FINAL BILLING INVOICE



**Semnar & Hartman, LLP**
400 S. Melrose Drive
Suite 209
Vista, CA 92081
United States
619-500-4187

**Mary Capps**

| | |
|---|---|
| **Balance** | $42,960.37 |
| **Invoice #** | 00144 |
| **Invoice Date** | February 13, 2017 |
| **Payment Terms** | |
| **Due Date** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Mary Capps v Law Offices of Peter W. Singer & MCT Group, Inc.

### Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 10/21/2015 | JH | Office - Legal Research / Analyze | review of letter with overshadowing violation and researched overshadowing case law to ensure accuracy of alleging this particular violation | 369.00 | 2.1 | 774.90 |
| 10/22/2015 | JH | Office - Pleading / Motion related activity | drafted complaint | 369.00 | 2.1 | 774.90 |
| 10/22/2015 | BS | Office - Pleading / Motion related activity | review of complaint prepared by Hartman and review of case law regarding overshadowing claims and proper drafting of class allegations | 430.00 | 2.3 | 989.00 |
| 10/26/2015 | JH | Office - Pleading / Motion related activity | drafted and filed complaint after co counsel's edits | 369.00 | 2.6 | 959.40 |
| 11/05/2015 | JH | Communication - Opposing Counsel | telephone call regarding facts of case and extension of time to respond | 369.00 | 0.2 | 73.80 |
| 11/05/2015 | JH | Office - Pleading / Motion related activity | drafted and filed motion for extension of time to respond for Defendants | 369.00 | 0.3 | 110.70 |
| 11/05/2015 | JH | Communication - Opposing Counsel | email and letters to opp counsel regarding extension of time to respond and need for additional facts and documents in that regard | 369.00 | 0.4 | 147.60 |
| 11/27/2015 | JH | Office - Legal Research / Analyze | Researched issue of actual confusion is not required for deception and actual right to dispute is irrelevant for overshadowing | 369.00 | 3.4 | 1,254.60 |
| 12/20/2015 | JH | Communication - Opposing Counsel | review of opp counsel's email and documents she sent in support of her request to dismiss class allegations | 369.00 | 1.3 | 479.70 |
| 12/20/2015 | JH | Communication - Opposing Counsel | email to opp counsel regarding we want class relief | 369.00 | 0.1 | 36.90 |

| 12/29/2015 | JH | Communication - Opposing Counsel | approved of joint motion to extend their RP date | 369.00 | 0.1 | 36.90 |
|---|---|---|---|---|---|---|
| 01/13/2016 | BS | Communication - Client | ██████████████████ | 430.00 | 0.8 | 344.00 |
| 01/13/2016 | JH | Communication - Opposing Counsel | email with opp counsel regarding potential settlement discussions | 369.00 | 0.1 | 36.90 |
| 01/14/2016 | JH | Communication - Opposing Counsel | email with opp counsel regarding potential settlement discussions | 369.00 | 0.1 | 36.90 |
| 01/15/2016 | JH | Communication - Opposing Counsel | email with opp counsel regarding potential settlement discussions | 369.00 | 0.1 | 36.90 |
| 01/15/2016 | JH | Office - General Work Product Activity | review of case notes and prepared draft settlement proposal to provide to opp counsel | 369.00 | 1.3 | 479.70 |
| 01/17/2016 | JH | Office - Pleading / Motion related activity | reviewed their Answer and took notes for what discovery to seek, whether motion to strike or motion for judgment on pleadings may be appropriate | 369.00 | 1.3 | 479.70 |
| 01/22/2016 | JH | Office - Pleading / Motion related activity | review of case file and case notes, and case law, to prepare ENE brief, and then prepared ENE brief | 369.00 | 2.4 | 885.60 |
| 02/03/2016 | JH | Office - Pleading / Motion related activity | Finalized ENE brief and reviewed Magistrate Judge's order setting ENE to ensure compliance | 369.00 | 1.8 | 664.20 |
| 02/10/2016 | JH | Communication - General | sent to court and counsel dial in information for ENE | 369.00 | 0.1 | 36.90 |
| 02/10/2016 | JH | Office - Pleading / Motion related activity | finalized and filed ENE brief | 369.00 | 0.6 | 221.40 |
| 02/10/2016 | JH | Communication - Client | ███████████████ | 369.00 | 0.6 | 221.40 |
| 02/17/2016 | JH | Court Appearance | reviewed file and ENE brief to prepare for, and then attended, telephonic ENE | 369.00 | 1.6 | 590.40 |
| 02/19/2016 | JH | Office - Legal Research / Analyze | researched case law within 9th circuit regarding statutory damages due to FDCPA and Rosenthal, and also bc of 2 defendants | 369.00 | 3.4 | 1,254.60 |
| 02/21/2016 | JH | Communication - Opposing Counsel | drafted letter to Coleman regarding statutory damages in this case | 369.00 | 2.3 | 848.70 |
| 02/23/2016 | JH | Communication - Opposing Counsel | finalized letter to opp counsel re statutory damages | 369.00 | 0.4 | 147.60 |
| 03/02/2016 | JH | Communication - Opposing Counsel | review of email from opp counsel Coleman with case law and arguments and took notes on her arguments | 369.00 | 1.2 | 442.80 |
| 03/02/2016 | JH | Office - Legal Research / Analyze | review of case law from opp counsel Coleman | 369.00 | 2.3 | 848.70 |
| 03/03/2016 | BS | Communication - Opposing Counsel | Review of letters between counsel in preparation for discussion with opposing counsel prior to ENE call tomorrow. Left message for opp counsel to call me. | 430.00 | 0.4 | 172.00 |

| 03/03/2016 | JH | Communication - Client | ███████████████████████ ███████████████████████ ███████████████ | 369.00 | 0.4 | 147.60 |
|---|---|---|---|---|---|---|
| 03/03/2016 | BS | Communication - Opposing Counsel | Review of file and discussion with opposing counsel re: issues in dispute and non-dispute in preparation of court call tomorrow | 430.00 | 0.7 | 301.00 |
| 03/03/2016 | JH | Other - See Description | completed and mailed request for MCT Group business records--statements of information | 369.00 | 0.2 | 73.80 |
| 03/09/2016 | JH | Office - Pleading / Motion related activity | review of case file and case notes to prepare first draft of joint 26f statement | 369.00 | 2.6 | 959.40 |
| 03/15/2016 | JH | Communication - Opposing Counsel | review of draft 26f statement and case notes to prepare for, and then conducted, 26f conference | 369.00 | 0.8 | 295.20 |
| 03/16/2016 | JH | Office - Discovery / Deposition related activity | reviewed and finalized joint 26f statement and initial disclosures; and reviewed and proposed edits to stipulated protective order | 369.00 | 1.3 | 479.70 |
| 03/18/2016 | JH | Office - Pleading / Motion related activity | finalized and filed joint discovery plan | 369.00 | 0.3 | 110.70 |
| 03/21/2016 | JH | Office - Discovery / Deposition related activity | finalized and propounded RFP set one to both defendants | 369.00 | 1.2 | 442.80 |
| 03/25/2016 | JH | Office - Discovery / Deposition related activity | review of protective order as entered and modified by the court and took notes on procedures as to filing under seal | 369.00 | 0.3 | 110.70 |
| 04/14/2016 | BS | Communication - Opposing Counsel | Call from and to Opp counsel - who provided me with a Offer to settle on behalf of Singer based on the following: 1 % of net worth = $5,803.00 with a supporting Dec From Singer as to his net worth. $1000.00 for FDCPA only (they don't believe Rosenthal applies to Singer) $1500.00 for Attorneys fees Total: $8,803.00 This offer does NOT include the cost associated with notice and administration of the class members. | 430.00 | 0.2 | 86.00 |
| 04/14/2016 | BS | Office - General Work Product Activity | Review of client's file in consideration of settlement offer - | 430.00 | 1.3 | 559.00 |
| 05/25/2016 | BS | Communication - Opposing Counsel | left VM for opp counsel June Coleman in response to her message from earlier today requesting extension on discovery | 430.00 | 0.1 | 43.00 |
| 05/27/2016 | BS | Office - Discovery / Deposition related activity | Review of case file and case notes to prepare PMK depo notice of Singer | 430.00 | 1.6 | 688.00 |
| 05/28/2016 | BS | Review, Organize, and Prep | review of Singer's responses to RFPs set one and took notes on how they are deficient; review of Rules 34 and 26; review of case law relevant to their failure to sufficiently comply | 430.00 | 3.4 | 1,462.00 |
| 05/28/2016 | JH | Communication - Opposing Counsel | email to counsel for Singer as to deficient discovery responses | 369.00 | 0.3 | 110.70 |

| 05/31/2016 | JH | Review, Organize, and Prep | review of MCT responses to RFPs set one and took notes on all objections and refusal to produce any documents to any single request | 369.00 | 1.2 | 442.80 |
|---|---|---|---|---|---|---|
| 06/02/2016 | BS | Office - Legal Research / Analyze | researched case law regarding boilerplate objections and refusal to produce documents by Coleman on behalf of MCT | 430.00 | 2.8 | 1,204.00 |
| 06/02/2016 | JH | Communication - Opposing Counsel | letter to June Coleman regarding meet and confer re boilerplate objections and refusal to produce documents | 369.00 | 1.3 | 479.70 |
| 06/06/2016 | JH | Office - Legal Research / Analyze | researched issue of Rule 68 including small sum of atty fees in middle of litigation where atty fees are larger than what is offered | 369.00 | 2.8 | 1,033.20 |
| 06/06/2016 | JH | Communication - Opposing Counsel | meet and confer with counsel for Singer re outstanding discovery items | 369.00 | 0.2 | 73.80 |
| 06/07/2016 | JH | Communication - Opposing Counsel | letter to Coleman re second attempt to meet and confer | 369.00 | 0.1 | 36.90 |
| 06/07/2016 | JH | Review, Organize, and Prep | review of case file and Singer responses to RFPs to consider a proposed class settlement | 369.00 | 0.8 | 295.20 |
| 06/09/2016 | JH | Review, Organize, and Prep | review of MCT responses to RFPs and my meet and confer letters to prepare for M&C phone call with Coleman | 369.00 | 1.2 | 442.80 |
| 06/09/2016 | JH | Communication - Opposing Counsel | M&C phone call with Coleman | 369.00 | 0.4 | 147.60 |
| 06/09/2016 | JH | Communication - Opposing Counsel | email to Coleman to follow up on M&C | 369.00 | 0.2 | 73.80 |
| 06/09/2016 | JH | Communication - Opposing Counsel | email to Heather Rosing regarding proposed class settlement for both defendants and also for proposed dates for Singer PMK depo | 369.00 | 0.2 | 73.80 |
| 06/10/2016 | BS | Office - Legal Research / Analyze | researched issues with respect to class cert motion--what discovery is needed to finalize the motion | 430.00 | 2.7 | 1,161.00 |
| 06/13/2016 | JH | Review, Organize, and Prep | review Singer's amended responses to RFPs and privilege log | 369.00 | 0.7 | 258.30 |
| 06/14/2016 | JH | Office - Legal Research / Analyze | researched case law related to atty client privilege in FDCPA actions when law firm/debt collector and its debt collector client are named as joint defendants | 369.00 | 2.6 | 959.40 |
| 06/14/2016 | JH | Communication - Opposing Counsel | emails to Singeer opp counsel with case law re atty client privilege and also to all opp counsel re scheduling of Singer deposition | 369.00 | 0.3 | 110.70 |
| 06/15/2016 | BS | Communication - General | Email communications with counsel as to schedule of defendant's deposition as well as Plaintiffs | 430.00 | 0.6 | 258.00 |
| 06/16/2016 | BS | Review, Organize, and Prep | review of defense counsel's proposal on class settlement terms and compared the proposal to previous settlement offers/counter offers | 430.00 | 0.4 | 172.00 |
| 06/22/2016 | JH | Communication - General | confer with client ███████ ██████████ | 369.00 | 0.7 | 258.30 |
| 07/18/2016 | BS | Communication - Opposing Counsel | Call to Opp counsel (Lindsay) requested call back to finalize settlement | 430.00 | 0.1 | 43.00 |

| 07/26/2016 | BS | Office - Legal Research / Analyze | reviewed draft settlement agreements in other class action matters and notices to class members to compare the drafting of those items as compared to the drafting of the documents in our case | 430.00 | 2.3 | 989.00 |
|---|---|---|---|---|---|---|
| 07/27/2016 | JH | Office - Pleading / Motion related activity | review and redline edits notice of settlement to the court and draft settlement agreement | 369.00 | 2.1 | 774.90 |
| 08/23/2016 | JH | Review, Organize, and Prep | review notice to class members and made redline edits | 369.00 | 0.6 | 221.40 |
| 09/03/2016 | BS | Office - Pleading / Motion related activity | reviewed most recent updates by Casillas to draft settlement agreement and notice to class members, compared them to previous versions to see what was revised | 430.00 | 1.8 | 774.00 |
| 09/16/2016 | JH | Office - Pleading / Motion related activity | drafted declarations of counsel to support hourly rates and class counsel | 369.00 | 1.8 | 664.20 |
| 09/26/2016 | BS | Office - Legal Research / Analyze | researched case law regarding FDCPA claims as class actions to bolster our motion for preliminary approval of class settlement | 430.00 | 3.7 | 1,591.00 |
| 09/26/2016 | JH | Office - Legal Research / Analyze | researched overshadowing case law to include a section in motion for preliminary approval | 369.00 | 2.8 | 1,033.20 |
| 09/27/2016 | BS | Office - Pleading / Motion related activity | began drafting redline edits to motion for preliminary approval to add case-law to strengthen the motion | 430.00 | 3.2 | 1,376.00 |
| 09/28/2016 | JH | Office - Pleading / Motion related activity | finalized redline edits to motion for preliminary approval and sent to Casillas | 369.00 | 2.4 | 885.60 |
| 09/28/2016 | JH | Review, Organize, and Prep | review and redline edit declarations of counsel, and review and approved of proposed order | 369.00 | 1.7 | 627.30 |
| 10/05/2016 | JH | Office - Pleading / Motion related activity | review of final draft of SA sent by opp counsel and forwarded to client ███████████ | 369.00 | 1.3 | 479.70 |
| 10/06/2016 | JH | Office - Pleading / Motion related activity | reviewed all motion for preliminary approval docs sent by opp counsel and made redline edits based on small typos and returned to opp counsel for finalizing | 369.00 | 2.7 | 996.30 |
| 10/07/2016 | BS | Communication - Client | ███████████████████████ | 430.00 | 0.3 | 129.00 |
| 10/07/2016 | JH | Communication - Client | ███████████████████████ | 369.00 | 0.3 | 110.70 |
| 10/17/2016 | JH | Office - Pleading / Motion related activity | finalized all documents for filing of motion for preliminary approval of class cert | 369.00 | 1.2 | 442.80 |
| 11/21/2016 | JH | Review, Organize, and Prep | review of court order granting preliminary class settlement and took notes for what needs to be done from here | 369.00 | 1.7 | 627.30 |
| 01/06/2017 | JH | Communication - General | phone call with putative class member ███ ████ to discuss class settlement and class status, referred him to █████ to discuss opting out for individual suit | 369.00 | 0.3 | 110.70 |

| 01/11/2017 | JH | Communication - General | phone call with ▓▓▓▓▓ who may opt out of class; referred him to ▓▓▓▓ | 369.00 | 0.3 | 110.70 |
| 02/04/2017 | JH | Office - Pleading / Motion related activity | first draft of motion for atty fees and costs and atty declarations | 369.00 | 2.6 | 959.40 |
| 02/06/2017 | BS | Office - Pleading / Motion related activity | reviewed and finalized motion for atty fees | 430.00 | 1.7 | 731.00 |
| 02/07/2017 | BS | Office - Pleading / Motion related activity | review and redline edit final fairness motion and declaration | 430.00 | 1.7 | 731.00 |
| 02/07/2017 | JH | Office - Pleading / Motion related activity | drafted proposed order for final approval motion | 369.00 | 0.8 | 295.20 |
| 02/13/2017 | JH | Office - Pleading / Motion related activity | finalized and filed motion for final fairness approval and all corresponding declarations/exhibits. Also finalized and filed motion for approval of attorneys' fees and call corresponding declarations/exhibits | 369.00 | 1.6 | 590.40 |
| | | | | Totals: | **108.6** | **$42,031.50** |

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|------|----|----------|-------------|------|----------|------------|
| 10/23/2015 | LS | Cost / Expense - Internal | New file processing fee | 75.00 | 1.0 | 75.00 |
| 10/30/2015 | LS | Cost / Expense - External (PAID) | Filing fee for new complaint | 400.00 | 1.0 | 400.00 |
| 10/30/2015 | LS | Cost / Expense - External (PAID) | CC of new case pleadings. Paid with LLP Card. Cash Sale # 00346072 | 26.95 | 1.0 | 26.95 |
| 11/10/2015 | LS | Cost / Expense - External (PAID) | Chambers copies of certificate of service. Paid with LLP Card, Cash Sale # 00352743 | 26.95 | 1.0 | 26.95 |
| 11/10/2015 | LS | Cost / Expense - External (PAID) | Chambers copies of notice. Paid with LLP Card. Cash Sale # 00352782 | 26.95 | 1.0 | 26.95 |
| 11/16/2015 | LS | Cost / Expense - External (PAID) | TM - Service of MCT Group. Invoice 309331. Paid with LLP Card. | 95.00 | 1.0 | 95.00 |
| 11/16/2015 | LS | Cost / Expense - External (PAID) | TM - Service of process re Law Office of Peter Singer. Invoice 309332. Paid with LLP Card. | 95.00 | 1.0 | 95.00 |
| 02/26/2016 | JH | Cost / Expense - External (PAID) | mailing of letter to Coleman re case law for damages | 48.50 | 1.0 | 48.50 |
| 03/03/2016 | JH | Cost / Expense - External (PAID) | request for MCT Group business records-- statements of information | 30.00 | 1.0 | 30.00 |
| 03/16/2016 | JH | Cost / Expense - External (PAID) | mailing of initial disclosures | 48.50 | 2.0 | 97.00 |
| 05/27/2016 | BS | Cost / Expense - Internal | certified mail of PMK depo notice to both opp counsel | 3.76 | 2.0 | 7.52 |
| | | | | Expense Total: | | **$928.87** |

| | |
|---|---|
| Time Entry Sub-Total: | 42,031.50 |
| Expense Sub-Total: | 928.87 |
| **Sub-Total:** | 42,960.37 |
| | |
| **Total:** | 42,960.37 |
| **Amount Paid:** | 0.00 |
| **Balance Due:** | **$42,960.37** |

SEMNAR & HARTMAN, LLP
BABAK SEMNAR (SBN 224890)
bob@sandiegoconsumerattorneys.com
JARED M. HARTMAN (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187
Facsimile: (888) 819-8230

Attorneys for Plaintiff, MARY CAPPS

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mary Capps individually and on behalf of others similarly situated<br><br>                   Plaintiffs,<br>v.<br><br>Law Offices of Peter W. Singer and MCT Group, Inc.,<br><br>                   Defendants. | **Case No.** 3:15-cv-02410-BAS-NLS<br><br>[CLASS ACTION]<br><br>**DECLARATION OF COUNSEL, BABAK SEMNAR, ESQ., IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $39,000.00** |

## <u>DECLARATION OF COUNSEL, BABAK SEMNAR, ESQ.</u>

I, Babak Semnar, Esq., declare under oath as follows:

1.      I am an attorney in good standing within the State of California, and am a member in good standing of this Court.

2.      The following declaration is of my own personal knowledge, unless otherwise stated, and if called to testify as to its contents I could and would do so competently.

3.     In order to prosecute this matter, my firm has incurred a total of $928.87 in costs of prosecution.

4.     I have expended a total of 32.1 hours in this matter at the requested hourly rate of $430.00 per hour, for a total of $13,803.00.

5.     I have previously been awarded an hourly rate of $425.00 per hour by the Southern District of California in the case of *Gutierrez v. Herbert P. Sears Co, Inc., et al.*, 3:15-cv-332 DMS (NLS), Dckt. #52 (Jan. 12, 2016), and by the Central District of California in *Black v. Mountain Lion Acquisitions, Inc.*, 8:16-cv-01319-JLS-DFM, Dckt. #23 (Oct. 18, 2016).

6.     Since these awards, I have been personally involved in several dozen more consumer rights prosecutions.

7.     I believe my requested hourly rate of $430.00 per hour is reasonable based upon my training and experience as a litigator, flowing from the following factors:

   a. I have completed a total of 34 trials to date to verdict, 26 of which have been jury trials.

   b. I attended the Gerry Spence Trial Lawyers College in 2005, whereby I was in Wyoming for three (3) week for the Trial Lawyers College with 50 other attorneys from around the Country, working on our Trial skills approximately ten (10) to twelve (12) hours a day.  There I was not only trained on various skills and insight, but I also had the opportunity to see how other, more experienced attorneys approached the same or similar situations.

   c. After graduating from the Gerry Spence Trial Lawyers College in 2005, I attended the Graduate program, which is a full week—again in Wyoming—whereby I obtained advanced training in learning, understanding, and ultimately presenting the story of the client to a Judge or Jury.

   d. Since 2005, I have also been actively involved in the Trial Lawyers College

2

**DECLARATION OF COUNSEL SEMNAR IN                    SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

list-serve, whereby thousands of legal issues—including anti-SLAPP related issues—have been raised and resolved.  As part of my membership, I have had the benefit of passively and actively being involved in such a continuous education.  I have also been part of the San Diego Consumer Attorney's list-serve for approximately five (5) years [although not currently a member] whereby the same issues as those in this case, have readily been analyzed.

e.  I have been counsel in and litigated a substantial number of civil litigation cases in the area of consumer law—including, but not limited to, the areas of Federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, Fair Debt Buyer Practices Act, Federal Fair Credit Reporting Act, California Consumer Credit Reporting Agencies Act, and Telephone Consumer Protection Act.

f.  I have also filed and litigated a substantial number of civil litigation cases in the areas of negligence, intentional infliction of emotional distress, fraud, and misrepresentation.

g.  I have litigated cases in various Federal Courts, including U.S. District Courts for the Southern District, Central District, and Northern District.

h.  I have also filed an appeal in the Court of Appeals of the State of California, Second Appellate District Division One, whereby I was the Trial Attorney, preserved the appropriate objections at trial, briefed the issues in our appellate briefs, and presented the oral argument to successfully result that allowed for a complete reversal.

i.  In 2013, I attended a two day "boot camp" that focused exclusively on the area of Consumer Law and Debt Collection Harassment.

j.  In November 2014, I attended a three-day National Association of Consumer Advocates conference in Tampa, Florida, whereby a substantial portion of the conference focused on credit reporting, debt harassment, and

3

**DECLARATION OF COUNSEL SEMNAR IN            SUPPORT OF MOTION**
**FOR ATTORNEYS' FEES AND COSTS**

debt collection practices, similar to the allegations alleged by Plaintiff in the instant case.

k. In March 2015, I attended a two-day Fair Debt Collection Practice conference by the National Consumers Law Center in Washington, D.C., whereby the sole focus on the conference was debt harassment and debt collection issues, such as those issues alleged by Plaintiff in the instant case.

l. In May 2015, I attended a two-day conference hosted by the National Association of Consumer Advocates on the Fair Credit Reporting Act, whereby the sole focus of the conference was credit reporting procedures and rules, and how they are violated, similar to the allegations brought by Plaintiff in the instant case.

m. Attached as **Exhibit A** to the Declaration of Jared M. Hartman, Esq. are relevant portions of the 2013-2014 United States Consumer Law Attorney Fee Survey – California Region, which shows that the average hourly rate for an attorney with 11-15 years of experience in the Los Angeles, California region within the arena of Consumer Law is $588.00 per hour and $433.00 per hour for attorneys with similar experience in California in general.

8. Attached as **Exhibit B** to the Declaration of Jared M. Hartman, Esq. is a detailed billing invoice.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct according to the best of my knowledge.

Executed on this 13th day of February 2017, in Vista, California.

*/s/ Babak Semnar*
Babak Semnar, Esq.
Counsel for Plaintiff

4

**DECLARATION OF COUNSEL SEMNAR IN          SUPPORT OF MOTION
FOR ATTORNEYS' FEES AND COSTS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

Capps v. Law Offices of Peter W. Singer, et al.                    **Case No.:** 3:15-cv-02410

     I am employed in the County of San Diego, State of California.  I am over the age of 18 and am not a party to the within action; my business address is 400 South Melrose Drive, Suite 209, Vista, California 92081.  On the date provided below, I served the foregoing document described below on the interested parties in this action by placing same in a sealed envelope.

**NOTICE OF MOTION AND MOTION IN SUPPORT OF ATTORNEYS' FEES AND COSTS; DECLARATION OF COUNSEL BABAK SEMNAR; DECLARATION OF COUNSEL JARED M. HARTMAN; PROPOSED ORDER** was served on:

| | |
|---|---|
| June D. Coleman<br>Kronick, Moskovitz, Tiedemann & Girard<br>400 Capitol Mall<br>27th Floor<br>Sacramento, CA 95814<br>Attorneys for Defendant MCT GROUP, INC. | Lindsey Nicole Heaton<br>Klinedinst PC<br>801 K Street<br>Suite 2100<br>Sacramento, CA 95814<br>Attorneys for Defendant Law Offices of Peter W. Singer |

☐   **(BY MAIL)** – I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Vista, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Vista, California, in the ordinary course of business.  I am fully aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

☐   **(BY FACSIMILE)** – I caused the above described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated above and the activity report(s) generated by facsimile number (888) 819-8230 indicating on all pages that they were transmitted.

☐   **(BY PERSONAL SERVICE)** – I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

☐   **(STATE)** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  **Via Electronic Service**: The above-described documents will be delivered electronically through the court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

Dated: 2-13-17                                    */s/ Jared M. Hartman*
                                               Jared M. Hartman, Esq.

1
**PROOF OF SERVICE**