UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CAPPS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF PETER W. SINGER, *et al.*,<br><br>Defendants. | Case No. 15-cv-02410-BAS(NLS)<br><br>**ORDER GRANTING:**<br><br>**(1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 28);**<br><br>**(2) MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 29); AND**<br><br>**(3) MOTION TO FILE DOCUMENT UNDER SEAL (ECF No. 31)** |

Plaintiff Mary Capps commenced this class action against Defendants the Law Offices of Peter W. Singer and MCT Group, Inc. seeking relief for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788–1788.32. Presently before the Court are Plaintiff's unopposed motions for final approval of the parties' class action settlement and for attorneys'

fees and costs. (ECF Nos. 28, 29.) The matter came on for hearing on March 13, 2017. The Court has considered the parties' settlement agreement, the record in this action, and the arguments and authorities of counsel. For the following reasons, the Court **GRANTS** Plaintiff's motions for final approval of the settlement and for attorneys' fees and costs. The Court further **GRANTS** the parties' request to file under seal their explanation of damages that contains financial information regarding Defendant the Law Offices of Peter Singer. (ECF No. 31.) *See In re Electronic Arts*, 298 Fed. App'x. 568, 569 (9th Cir. 2008) (providing sensitive business information that might harm the business's competitive standing is sealable information).

## I.     PROPOSED SETTLEMENT

After conducting discovery and participating in arm's length negotiations, the parties reached a proposed settlement of this matter ("Settlement"). (Stipulation of Class Action Settlement ("Settlement Agreement"), Semnar Decl. ¶ 7, Ex. 1, ECF No. 26-2.)[1] The Settlement applies to a Class that is defined as:

> [A]ll consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc. in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes. Each Class [M]ember was sent such a letter between October 26, 2014, and the date of final execution of the Settlement Agreement . . . . Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

(*Id.* § 1.)

---

[1] Capitalized terms used in this order but not defined herein have the meanings ascribed to them in the Settlement Agreement.

Defendants expressly deny any wrongdoing with respect to the issues presented in this Class Action; nevertheless, they wish to avoid the further expense and inconvenience of litigation. (Settlement Agreement §§ 12–13.) Thus, Defendants have agreed to establish a Settlement Fund in the amount of $11,606.16 to pay solely for awards to Class Members. (*Id.* §§ 1, 6.) Based on the parties' calculation, the Settlement Fund provides the maximum statutory damages available to the Class against Defendant the Law Offices of Peter W. Singer. (Senmar Decl. ¶ 7, ECF No. 28; Explanation of Damages 2:12–21, ECF No. 32.) Plaintiff also brought claims on behalf of the Class against Defendant MCT Group based on a theory of vicarious liability, but Plaintiff abandoned this theory as part of the Settlement due to "hurdles" making it difficult for the Class to prevail. (Final Approval Mot. 7:1–2.)

Further, the parties negotiated for Class Counsel to receive an award of $39,000 for attorneys' fees and costs, to be paid thirty days after final approval of the Settlement. (Settlement Agreement § 5.) Defendants also agreed to pay the Settlement Administrator a fee not to exceed $4,000 to perform all responsibilities as set forth in the Settlement Agreement. (*Id.* § 7.)

In support of the request for final approval, the Settlement Administrator submits that it distributed the Class Notice to 173 Class Members[2] on December 15, 2016. (Hughes Decl. ¶¶ 3–5.) As of February 11, 2017, "a total of 11 Class Notices were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service." (*Id.* ¶ 6.) In addition, the Settlement Administrator has not received any requests for exclusion from the Settlement or objections to the Settlement. (*Id.* ¶ 7; *see also* Supplemental Hughes Decl. ¶ 4.)

---

[2] There are 174 Class Members when the named Plaintiff is included. Only 173 Class Members were mailed the Class Notice because Ms. Capps had already received notice of the Settlement.

All of the Class Members will be sent a check for $66.70—their pro rata share of the $11,606.16 Settlement Fund—by the Settlement Administrator. (Settlement Agreement §§ 6–7.) All checks not cashed within 180 days of issuance will be allocated to a *cy pres* recipient, the Voluntary Legal Services Program of Northern California, which assists low-income clients with legal problems associated with debt collection. (*Id.* § 11.)

Upon final approval of the Settlement, the Class Representative and all Class Members shall be deemed to have released and discharged Defendants from any and all claims that are known or unknown to the Class Members and arise from the conduct alleged in the Complaint. (Settlement Agreement § 14.)

## II.   DISCUSSION

### A.   Final Approval

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012).

In this case, for the reasons outlined in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order")

(ECF No. 27), the Court concludes that class certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate.

The Court further finds that the Settlement is "fair, reasonable, and adequate" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

As mentioned, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Here, the Court made a preliminary fairness determination in its Preliminary Approval Order. In doing so, the Court addressed a series of fairness factors but reserved judgment on the issue of "the reaction of the class members to the proposed settlement." *See Hanlon*, 150 F.3d at 1026. Now, after the Class Members have been notified of the Settlement and have had an opportunity to express their reactions, the Court notes that no Class Member has requested to be excluded from the Settlement

or has objected to the Settlement. Thus, in addition to those factors considered by the Court in its Preliminary Approval Order, the Court finds this remaining factor supports approving the Settlement. Further, the Court noted in its Preliminary Approval Order that the parties had not explained how they calculated the maximum amount of damages available against Defendant the Law Offices of Peter W. Singer. They have since done so. Accordingly, the Court concludes the parties' Settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2).

Further, the Court previously approved the form and manner of notice to the Class Members. The Court now finds the method for distributing the Class Notice was executed as previously detailed in its Preliminary Approval Order. (*See* Hughes Decl. ¶¶ 2–6.) After following its standard practice of verifying and updating address information, the Settlement Administrator distributed the Class Notice by mail to the 173 Class Members. (*Id.* ¶¶ 4–5.) Only 11 of 173 of the Class Notices were returned as undeliverable, indicating 93.64% of the Class received notice of the Settlement by mail. (*See id.*) Hence, the Court finds the notice to class members satisfies due process. *See* Fed. R. Civ. P. 23(e)(1).

Accordingly, because the Settlement is fair and the Settlement Administrator executed the notice program previously approved by the Court, the Court finds final approval of the Settlement is warranted.

### B. Attorneys' Fees and Costs

"When a negotiated class action settlement includes an award of attorneys' fees, the fee award must be evaluated in the overall context of the settlement." *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 687 (N.D. Cal. 2016) (citing *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002)). The court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941.

      Under the FDCPA, a successful plaintiff is entitled to receive reasonable attorneys' fees and costs as part of the damages from the liable debt collector. 15 U.S.C. § 1692k(a)(3); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."). Similarly, California Rosenthal's Act states in part: "In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." Cal. Civ. Code § 1788.30(c).

      In this context, courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method. *Camacho*, 523 F.3d at 978. Under the lodestar method, the court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *In re Bluetooth*, 654 F.3d at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* The resulting amount is "presumptively reasonable." *Id.* at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart.*, 401 U.S. 424, 433–34 (1983)). The court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class. *In re Bluetooth*, 654 F.3d at 942. Further, the court may find a fee request is excessive but that there is no further evidence class counsel betrayed class interests for their own benefit, and thus uphold the settlement agreement, while lowering the fee award. *Id.*

      In addition, "Class Counsel are entitled to reimbursement of the out-of-pocket costs that they reasonably incurred investigating and prosecuting [the] case." *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1049 (S.D. Cal. 2015) (citing *In re Media*

*Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)).

Here, having reviewed (i) Class Counsel's declarations and billing records and (ii) the U.S. Consumer Law Attorney Fee Survey Report provided by Class Counsel, the Court calculates the lodestar figure to be approximately $42,031.50. (*See* Hartman Decl. ¶¶ 4, 8, Exs. A, B; Semnar Decl. ¶¶ 4, 8.) Further, Class Counsel have expended $928.87 in costs to prosecute this case. (Hartman Decl. ¶ 3, Ex. B.) Of the total of $42,960.37 in attorneys' fees and costs incurred by Class Counsel, Plaintiff seeks an award of the amount stipulated to by the parties in their Settlement Agreement—$39,000. Because the lodestar figure is presumptively reasonable, the Court finds the requested amount—which is lower than the lodestar figure—to be reasonable. Further, the Court finds that Class Counsel reasonably incurred the out-of-pocket costs in connection with this litigation and that the costs were advanced by counsel for the benefit of the Class Members.

Accordingly, because the lodestar method demonstrates the requested fee award is reasonable and the costs incurred by Class Counsel were advanced for the benefit of the Class Members, the Court grants Plaintiff's request for $39,000 in attorneys' fees and costs.

### III.   CONCLUSION

For the reasons stated both in this order as well as the Court's Preliminary Approval Order, the Court **GRANTS** Plaintiff's motion for final approval of the parties' class action settlement (ECF No. 28). The Court also **GRANTS** Plaintiff's motion for attorneys' fees and costs (ECF No. 29). The Court awards Plaintiff $39,000 in attorneys' fees and costs. In addition, the Court **GRANTS** the parties' motion to seal (ECF No. 31). The Court **ORDERS** the Clerk of the Court to accept and **FILE UNDER SEAL** the requested document (ECF No. 32). Accordingly, the Court also **ORDERS** as follows:

//

**(1)** Pursuant to Fed. R. Civ. P. 23(b)(3), the above-titled action ("Action") is hereby finally certified, for settlement purposes only, on behalf of the following Class Members:

> [A]ll consumers with addresses within the State of California who were sent a letter by the Law Offices of Peter W. Singer on behalf of MCT Group, Inc.in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or the Defendants, was incurred for personal, family or household purposes and such letter was sent between October 26, 2014, and the date of final execution of the Settlement Agreement, and such letter contained the following language or language substantially similar:
>
> > If you do not dispute the above balance due, then within seven days of your receipt of this letter, either pay my client the entire balance due or phone them to work out arrangements for payment. If you do neither of these things, my office will be entitled to file a lawsuit against you for the collection of this debt when the seven days is over. I urge you to contact my client directly at 800-622-2242.
> >
> > Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you. This office will mail you a copy of such verification or judgment. If you request it of this office in writing within the 30 day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Excluded from the Class are: (a) any consumer whose letter was sent to an attorney or debt counselor; (b) any consumer who was mailed a letter that was returned as undeliverable; and (c) any consumer who filed for bankruptcy after receiving the letter but did not disclose the claim as an asset. Also excluded from the Class are any putative Class Members

who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

**(2)** The Court hereby appoints Plaintiff Mary Capps as Class Representative of the Class.

**(3)** The Court hereby appoints Babak Semnar and Jared M. Harman of Semnar & Harman, LLP, as Class Counsel to represent the Class.

**(4)** Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.

**(4)** The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for settlement purposes. The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members; the strength of the Class Members' case; the complexity, expense, and probable duration of further litigation; and the risk inherent at trial and of collecting any judgment obtained on behalf of the Class.

**(5)** The Settlement Agreement, which has been filed with the Court and is deemed incorporated herein, as well as the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

**(6)** The Court awards attorneys' fees and costs to Plaintiff in the amount of $39,000.

**(7)** No requests for exclusion were received. Therefore, no Class Members are excluded from the Settlement.

**(8)** The Class Members were given an opportunity to object to the Settlement. There are no objections to the Settlement.

**(9)** This order is binding on all Class Members.

**(10)** The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the Releases contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

**(11)** The Action is hereby dismissed with prejudice in all respects.

**(12)** This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

**(13)** The Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: March 13, 2017**

Hon. Cynthia Bashant
United States District Judge